UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF OMAR MORENO ARROYO by and through its successor in interest TAMMY WILSON; and TAMMY WILSON,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO; WILLIAM GORE; EMILY LYMBURN; JARED ANDERSON; and DOES 1 through 40, inclusive,<br><br>Defendants. | Case No.: 21cv1956-RBM-SBC<br><br>**ORDER GRANTING COUNTY DEFENDANTS' MOTION FOR RECONSIDERATION**<br><br>**[ECF No. 235]** |

Before the Court is a motion for reconsideration, filed by the County Defendants' ("the County"). (ECF No. 235.) Plaintiffs filed an opposition, and the County filed a reply. (ECF Nos. 236, 237.) The County seeks reconsideration of the Court's prior order (*see* ECF No. 76) that granted Plaintiffs' motion to compel the production of eleven San Diego County Sheriff's Critical Incident Review Board ("CIRB") reports and accompanying spreadsheet, citing the Ninth Circuit's February 10, 2025, decision in *Greer v. County of San Diego*. (ECF No. 235.) In *Greer*, the court held that the CIRB reports, in that case, were protected by the attorney-client privilege. *See Greer and San Diego Union Tribune*,

*LLC v. County of San Diego*, 127 F.4th, 1216 (9th Cir. Feb 10, 2025). For the reasons stated below, the County's motion is **GRANTED**.

## I.     RELEVANT BACKGROUND

On January 15, 2024, Plaintiffs filed a motion to compel the production of eleven CIRB reports for the in-custody deaths of Omar Moreno Arroyo ("Mr. Moreno"), Ronnie Sandoval, Brandon Kent Moyer, Adrian Sanchez, Ivan Prieto, James Francis Kenyon, Joseph Castiglione, Michael Level Bush, Jose Sevilla, Daniel Pickett, Lazaro Alvarez, and "any spreadsheet, chart log, document, report, or memoranda reflecting the recommendations and conclusions of the Critical Incident Review Board for these deaths." (ECF No. 54 at 5, 16.) On January 29, 2024, the County filed an opposition stating that the CIRB documents were protected by several privileges, including the attorney-client privilege. (*See* ECF No. 55.) On February 5, 2024, Plaintiffs filed a reply in support of their motion to compel. (ECF No. 61.)

On February 14, 2024, the Court held a hearing, heard the parties' respective positions, and ordered the County to "produce the CIRB spreadsheet with the [eleven] identified CIRB reports to the Court for *in camera* review." (ECF No. 67 (italics added).) On March 26, 2024, the Court granted Plaintiffs' motion to compel, finding that the County did not meet its burden of establishing that the eleven CIRB reports and accompanying spreadsheet were protected by the attorney-client privilege, or any other asserted privilege or protection. (ECF No. 76.) Instead, the Court found that "the primary purpose of the eleven CIRB reports was to make recommendations for improving future practices, rather than to provide legal advice." (*Id*. at 15.) Before producing the documents to Plaintiffs, the Court ordered the County to lodge proposed redactions for statements made by the County's Chief Legal Advisor in the CIRB reports and accompanying spreadsheet. (*Id*. at 22.) After conducting an *in camera* review, the Court ordered the County to produce the CIRB reports and accompanying spreadsheet to Plaintiffs with the appropriate redactions, no later than April 5, 2024. (ECF No. 79 at 2.)

On April 9, 2024, the County objected to the Court's order that granted the

production of the CIRB documents based on the attorney-client privilege. (ECF No. 82.) Plaintiffs opposed the objection. (ECF No. 100.) On May 24, 2024, District Judge Ruth B. Montenegro overruled the County's objections, and affirmed this Court's order, finding that "the magistrate judge's legal conclusions . . . are not contrary to law." (ECF No. 115 at 15.)

Since the production of the CIRB documents, the County claims that Plaintiffs have used or relied on information from the CIRB documents in several instances, including in Plaintiffs' third amended complaint (ECF No. 121), the operative complaint in the case, a motion for partial summary judgment (ECF No. 151), an omnibus opposition against Defendants' motions for summary judgment (ECF No. 187), and in an opposition to a *Daubert* challenge pertaining to an expert report (ECF No. 182). Additionally, Plaintiffs seek to publicly file two CIRB reports in relation to their omnibus opposition to Defendants' motions for summary judgment. (ECF No. 185.) The County opposed the motion, stating that the CIRB reports are privileged. (ECF No. 200.) Plaintiffs also intend to use CIRB reports as trial exhibits, and the parties' proposed final pretrial conference order includes twenty-six exhibits of CIRB documents, all of which the County objected to on the grounds of privilege or other protections. (ECF No. 195 at 74-85.)

Now, pursuant to Federal Rules of Civil Procedure 60(b) and the *Greer* decision, the County asks the Court to reconsider its prior order and issue a new order:

> (1) Finding that the CIRB records related to the underlying incident are protected from disclosure by the attorney-client privilege; (2) Finding that the CIRB records concerning *any other* incident are also protected from disclosure by the attorney-client privilege; (3) Ordering several publicly filed documents that mention CIRB records or cases, or allege facts derived from such, stricken from the public record; (4) Ordering opposing counsel to return and/or destroy all CIRB records in their possession; (5) Prohibiting the use or sharing of information derived from any CIRB records; (6) Ordering that all deposition transcripts and filed documents discussing information derived from CIRB records be sealed; and (7) Ordering that all references in expert reports to CIRB reports

> or information in CIRB reports, as well as any opinions derived from CIRB records, be removed.

(ECF No. 235 at 10.)

## II.     LEGAL STANDARDS

Local Rule 7.1(i)(1) provides that a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part . . . ." S.D. Cal. Civ. L.R. 7.1(i). The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id*. "Except as may be allowed under Rules 59 and 60 of the Federal Rules of Civil Procedure, any motion or application for reconsideration must be filed within twenty-eight (28) days after the entry of the ruling, order or judgment sought to be reconsidered." *Id*.

A motion for reconsideration may be brought under Federal Rules of Civil Procedure 59(e) or 60(b). A motion is treated as a motion to alter or amend judgment under Rule 59(e) if it is filed within twenty-eight days of entry of judgment or the ruling, otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order. *Am. Ironworks & Erectors, Inc. v. N. Am. Construction Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). Here, the order challenged is from 2024. (ECF No. 76.) Accordingly, the County's motion is properly brought under Rule 60(b) of the Federal Rules of Civil Procedure, which governs the grounds for relief from a judgment or order, and provides the following:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any

other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Here, there is no evidence of mistake, inadvertence, surprise, newly discovered evidence, fraud, and there is no judgment in the case. Therefore, the Court must consider "any other reason that justifies relief" under Rule 60(b)(6). Fed. R. Civ. P. 60(b). An "intervening change in the controlling law" can provide a sufficient basis for granting a Rule 60(b) motion. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

### III.   DISCUSSION

As a preliminary matter, Plaintiffs argue that the County's motion for reconsideration is premature since a mandate has not been issued, and therefore, the *Greer* holding is not yet final. (ECF No. 236 at 7.) However, well-established precedent holds that "a published decision of the Ninth Circuit 'constitutes binding authority which must be followed unless and until overruled by a body competent to do so.'" *Rodney v. Garett*, 116 F.4th 947, 955 (9th Cir. 2024) (quoting *Gonzalez v. Arizona*, 677 F.3d 383, 390 n.4 (9th Cir. 2012) (quoting *Hart v. Massanari*, 266 F.3d 1155, 1170 (9th Cir. 2001))). Therefore, the County's motion is not premature because the Ninth Circuit's decision in *Greer* is binding precedent, regardless of whether a mandate has issued.

Turning to the crux of the present motion, the County contends that in light of the Ninth Circuit's recent decision in *Greer*, which it views as an intervening change in the law, the Court should reconsider its prior order that compelled the production of eleven CIRB reports and accompanying spreadsheet. (ECF No. 235 at 6-8.) The County explains that in *Greer*, the Ninth Circuit found that the primary purpose of the CIRB processes was to assess legal liability and avoid liability in the future, which rendered the CIRB reports

protected by the attorney-client privilege. (ECF No. 235 at 6-8.) The County further asserts that the CIRB documents here are "materially identical" to those in *Greer,* and that the holding applies broadly to all CIRB reports and documents because it addresses "the CIRB as a process and finds all documents used in the process to be categorically privileged." (*Id*. at 2, 7.) On the other hand, Plaintiffs claim that the CIRB reports in *Greer* were found to be protected by the attorney-client privilege in that case only. (ECF No. 236 at 14-15.) Plaintiffs further argue that the claim of privilege is fact specific, and therefore, each CIRB report requires an individual assessment, as the Court did here in granting the underlying motion to compel. (*See id*.)

Like the Court's prior order that compelled the production of the CIRB documents, the district court in *Greer* found that the "CIRB's primary purpose is investigative and remedial (activities generally not protected by the attorney-client privilege), and the County has not carried its burden of establishing the primary purpose of the . . . CIRB investigations at issue was obtaining legal advice." *Greer v. County of San Diego*, 634 F.Supp.3d 911, 921 (S.D. Cal. Oct. 7, 2022). In reversing the decision, the Ninth Circuit found that "[i]n deciding that the purpose of the CIRB, and the documents it generates, is not to obtain legal advice, the district court made two significant legal errors." *Id*. at 1224. "First, avoiding future legal liability is not necessarily just an 'investigative and remedial purpose.'" *Id*. "Second, the Court erred by relying on the purported motive of the CIRB's creator to dress non-privileged communications in privileged garb." *Id*. at 1225. The Court concluded that "the CIRB reports contained in the record meet the criteria for attorney-client privilege[,]" and that "the primary purpose of the CIRB [was to assess] legal liability for a past event and avoiding legal liability for future similar events." *Id*. at 1226.

Based on the findings in *Greer*, the Court finds that the elven CIRB reports and accompanying spreadsheet at issue here are protected by the attorney-client privilege. Although Plaintiffs argue that *Greer* applies only to the specific CIRB reports in that case, the Ninth Circuit's analysis was not limited to the factual nuances of a single CIRB report or document. Instead, the Ninth Circuit engaged in a broader examination of the CIRB's

structure, purpose, and function. The decision addressed the CIRB process itself, and concluded that the primary purpose of the CIRB is to assess legal liability and avoid future liability. Since the CIRB's purpose does not vary on a case-by-case basis, and CIRB reports are generated with the same objectives guiding their creation, the analysis in *Greer* logically extends to other CIRB reports and related documents prepared under the same framework.

Lastly, Plaintiffs contend that Senate Bill 519, codified as California Penal Code 832.10(b), renders the CIRB reports non-confidential, and not subject to the attorney-client privilege. (*Id*. at 10.) California Penal Code 832.10(b) states, "[n]otwithstanding . . . any other law, any record relating to an investigation conducted by the local detention facility involving a death incident maintained by a local dentition facility shall not be confidential and shall be made available for public inspection." Cal. Pen. Code § 832.10(b). However, the Court declines to consider this argument, as it was not raised in Plaintiffs' motion to compel. The only reference to Senate Bill 519 appears in "Exhibit 1," in a copy of the parties' joint discovery statement, which was lodged with the Court prior to formal briefing. (ECF No. 54-1 at 1-9.) Although Plaintiffs later raised the issue in their reply to the County's opposition, arguments presented for the first time in a reply brief are not properly before the Court. (*See* ECF No. 61.) Additionally, neither the Court's order on the motion to compel, nor Judge Montenegro's order overruling the County's objections to the motion to compel order addressed this argument.

## IV. CONCLUSION

For the reasons stated above, the County's motion for reconsideration is **GRANTED**. Based on the holding in *Greer*, the Court **FINDS** that: (1) the previously produced CIRB report and accompanying spreadsheet related to the underlying incident (involving Mr. Moreno) are protected from disclosure by the attorney-client privilege; and (2) the other ten previously produced CIRB reports and accompanying spreadsheet, concerning other incidents, are protected from disclosure by the attorney-client privilege. Accordingly, Plaintiffs' counsel is **ORDERED** to **RETURN** and **DESTROY** all eleven

CIRB reports and the accompanying spreadsheet, and are **PROHIBITED** from using or sharing information derived from the CIRB reports and/or accompanying spreadsheet. Lastly, the Court **DEFERS** ruling on the type of relief granted regarding striking, and sealing documents that mention or derive information from CIRB records. Judge Montenegro will handle that issue separately.

**IT IS SO ORDERED.**

Dated:  May 29, 2025

Hon. Steve B. Chu
United States Magistrate Judge