# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF OMAR MORENO ARROYO, by and through its successor-in-interest Tammy Wilson, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>Defendants. | Case No.: 3:21-cv-01956-RBM-SBC<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR TERMINATING SANCTIONS AND OTHER DISCOVERY SANCTIONS**<br><br>[Doc. 240] |

On December 27, 2024, Plaintiffs filed a Motion for Discovery Sanctions and Request for an Evidentiary Hearing ("Sanctions Motion"). (Doc. 179.) On January 17, 2025, Defendants filed an Opposition to Plaintiffs' Sanctions Motion ("Opposition"). (Doc. 227.) On January 24, 2025, Plaintiffs filed a Reply to Defendants' Opposition. (Doc. 228.)

Magistrate Judge Steve B. Chu's issued a Report and Recommendation on Plaintiffs' Sanctions Motion ("R&R"). (Doc. 240.) On April 28, 2025, Defendants filed an Objection to Magistrate Judge Chu's R&R ("Objection"). (Doc. 244.) On May 5, 2025, Plaintiffs

filed their Reply to Defendants' Objection.[1] (Doc. 246.) As set forth below, the Court **ADOPTS** Magistrate Judge Chu's R&R in its entirety.

## I. BACKGROUND

Magistrate Judge Chu's R&R thoroughly and accurately summarizes the background and procedural history relevant to Plaintiffs' Sanctions Motion, and Defendants do not challenge this summary. Accordingly, the Court incorporates by reference the factual and procedural background set forth in the R&R and includes only a brief summary of the relevant points below.

### A. Factual Background

"On September 21, 2023, Plaintiffs propounded discovery which included [a] request for production ['RFP 26'] of documents [for]: … '[a]ny and all video of the hallways outside of any holding cell or detention cell, on January 6, 2021 during the time Omar Moreno Arroyo was inside the cell.'" (Doc. 179-1 at 7 (citation omitted).)

On November 21, 2023, Defendants responded that responsive documents had already been produced and would not be re-produced. (Doc. 179-1 at 7 (citation omitted).) In December 2023, Defendants' counsel confirmed that there was no additional footage to produce. (*Id.* (citation omitted).)

In December 2024, Plaintiffs discovered the existence of video footage showing a use of force ("UOF") incident that occurred in one of the two hallways outside of Arroyo's cell (the "UOF Footage"). (*Id.* at 8.) In fact, Plaintiffs discovered the existence of footage from "*three* different cameras positioned in one of the two hallways outside of [Arroyo's] cell." (*Id.* (emphasis added).)[2] Yet, Defendants never produced this footage in discovery. (*Id.*)

///

---

[1] Plaintiffs did not object to the R&R.

[2] There are two perpendicular hallways outside of Arroyo's cell—the north/south hallway and the east/west hallway. (Doc. 240 at 4, n.3.)

### B. Plaintiffs' Sanctions Motion

In their Sanctions Motion, Plaintiffs asserted that Defendants were in possession of the UOF Footage as of February 2024 at the latest but "failed to produce critical … CCTV footage of the deputies conducting cell checks during the time period when [Arroyo] lost consciousness and died." (Doc. 179-1 at 5.) Aside from the UOF footage, Plaintiffs also asserted that, Defendants failed to preserve other cell-check footage of the hallways outside of Arroyo's cell. (*Id.*)

Plaintiffs then argued that they were entitled to terminating sanctions on their *Monell* claim for Defendants' discovery violations. (*Id.* at 21–26.) Alternatively, Plaintiffs argued that they were entitled to a jury instruction regarding Defendants' failure to produce relevant discovery. (*Id.* at 26–27.) Regarding the requested jury instructions, Plaintiffs argued:

> In two prior trials involving [Defendant] County of San Diego … Courts gave negative inference jury instructions for [Defendant] County's failure to produce documents. Similar instructions are appropriate here because [Defendant] County was on notice as of 2021 that it was required to maintain all relevant documents related to [Arroyo], specifically video footage related to cell checks and/or monitoring of [Arroyo]. … [Defendant] County had footage from at least three cameras for at a minimum of ten months and never disclosed this fact … . The jury should be advised of the discovery violation and told that they may infer liability from the conduct. [Defendant] County should be prevented from making the argument that 1) any cell check was conducted properly during that shift; 2) Kakkar failed to tell his supervisors about the failed cell checks because he was disoriented or lacked the ability to do so; or 3) Title 15 rules were suspended because there was an emergency. Defendants should be prevented from permitting any witness to testify to suggest or imply that cell checks were conducted properly or that Kakkar was disoriented or injured in the head.

(*Id.*) Defendants did not address Plaintiffs' jury instruction request in their Opposition to Plaintiffs' Sanctions Motion.

### C. Magistrate Judge Chu's R&R

In addressing Defendants' failure to preserve cell check footage for all of the hallways outside of Arroyo's cell, Magistrate Judge Chu found that Defendants did not

have any duty to preserve the north/south hallway footage outside of Arroyo's cell. (Doc. 240 at 12–15.) Given this finding, Magistrate Judge Chu recommended that the Court deny Plaintiffs' request for Rule 37(e) sanctions based on Defendants' failure to preserve the north/south hallway footage. (*Id.* at 16.)

Regarding the untimely production of the UOF Footage, Magistrate Judge Chu found that terminating sanctions were not warranted because Defendants "did not act willfully or in bad faith regarding the untimely production of the UOF [F]ootage." (*Id.* at 22–23.) However, Magistrate Judge Chu recommended alternative sanctions under Rule 37(c). (*Id.* at 21–22.) Specifically, Magistrate Judge Chu recommended:

> that the UOF footage be EXCLUDED at trial to the extent that Plaintiffs wish to exclude it, and further RECOMMEND[ED] that the County be PROHIBITED from introducing the footage at trial. … The Court also RECOMMEND[ED] that Plaintiffs be PERMITTED to take an additional deposition of Deputy Kakkar regarding the UOF incident at the County's cost, if Plaintiffs wish to re-depose him.

(*Id.* at 21 (emphasis in original).) Magistrate Judge Chu further recommended that "the District Judge INFORM the jury of the County's inadvertent failure to timely produce the UOF footage." (*Id.* at 22 (emphasis in original).)

**D.   Defendants' Objection**

On April 28, 2025, Defendants filed their Objection to Magistrate Judge Chu's R&R.[3] (Doc. 244.) "Defendants … object to the portion of the [R&R] to inform the jury of the inadvertent failure to timely produce video footage of the use of force incident involving an unrelated incarcerated person that prevented Deputy Kakkar from completing an hourly check (the 'UOF' footage)." (*Id.* at 2.) Defendants argue that this sanction is inappropriate given Magistrate Judge Chu's finding that "there was no bad faith or willfulness as to [Defendants'] conduct." (*Id.* at 3 (citation omitted).) Defendants also

---

[3] As previously stated, Plaintiffs did not object to the R&R.

argue that Plaintiffs cannot demonstrate prejudice because the trial will not be disrupted and because Plaintiffs can re-depose Deputy Kakkar at Defendants' cost. (*Id.*) Finally, Defendants assert that counsel, not Defendants, was responsible for the inadvertent failure to disclose the UOF footage. (*Id.* at 4.)

On May 5, 2025, Plaintiffs filed their Reply to Defendants' Objection. (Doc. 246.) Plaintiffs claim that they were prejudiced by Defendants' inadvertent failure to produce the UOF footage because "they would have approached the case differently had they received the footage earlier." (*Id.* at 2 (quotation omitted).) Specifically, Plaintiffs assert that, had Defendants timely produced the UOF footage early, the allegations against Deputy Kakkar in the Third Amended Complaint ("TAC") would have been different and the Court might not have dismissed Deputy Kakkar from this action with prejudice. (*Id.* at 2–3.) Plaintiffs argue that now having the UOF footage and the opportunity to re-depose Deputy Kakkar does not remedy this harm. (*Id.* at 3.)

Plaintiffs also argue that Defendants' focus on Magistrate Judge Chu's finding that there was no bad faith or willfulness is misplaced since bad faith is only one of the factors to be considered. (*Id.*) Finally, Plaintiffs argue that Defendants' argument that Defendants' attorney is responsible, not Defendants, is flawed because Defendants' attorney is an authorized agent of her client. (*Id.*) Plaintiffs reason that "[a]llowing an attorney to take sole responsibility for an untimely disclosure would mean that all claims for this type of behavior could be justified as solely the responsibility of the attorney and not that of the client, effectively eliminating the efficacy of the sanctions remedy altogether." (*Id.* at 3–4.)

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 72(b)(1) provides, "[a] magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense … The magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." "Within 14 days after being served with a copy of the recommended disposition, a

party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "The district judge must [then] determine *de novo* any part of the magistrate judge's disposition *that has been properly objected to*. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) (outlining the same report and recommendation procedures outlined in Rule 72(b)); S.D. Cal. Civ. R. 72.1(c) (same).

"When no objections are filed, the district court is not required to review the magistrate judge's report and recommendation *de novo*." *Ponce v. CalEnergy Operating Corp.*, No. 22-CV-1808-W-LR, 2024 WL 2046043, at *2 (S.D. Cal. May 8, 2024) (emphasis added). Because Defendants object only to the portion of the R&R recommending that this Court inform the jury of Defendants' inadvertent failure to timely produce the UOF Footage, the Court conducts a de novo review of this issue only.

### III.    DISCUSSION

Rule 37(c) governs Defendants' failure to timely produce the UOF Footage. It provides, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e),[4] the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was *substantially justified or is harmless*." Fed. R. Civ. P. 37(c)(1) (emphasis added). "In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; *(B) may inform the jury of the party's failure*; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)–(vi)." *Id.* (emphasis added).

---

[4] Federal Rule of Civil Procedure 26(e) provides, "[a] party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect … ."

"[D]istrict courts have identified several factors to guide the determination of whether substantial justification and harmlessness exist, including (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence." *Liberty Ins. Corp. v. Brodeur*, 41 F.4th 1185, 1192 (9th Cir. 2022) (quotation omitted); *see also Voyager Indem. Ins. Co. v. Zalman N., Inc.*, 668 F. Supp. 3d 990, 998 (C.D. Cal. 2023) (identifying the same factors).

Applying Rule 37(c)(1), Magistrate Judge Chu determined that Defendants' failure to timely disclose the UOF footage was not substantially justified or harmless. (Doc. 240 at 18–21.) Specifically, Magistrate Judge Chu found that Plaintiffs were prejudiced by Defendants' failure to produce the UOF Footage for 10 months, during which there were significant case developments, such as the Parties' filing of motions for summary judgment and the dismissal of Deputy Kakkar from the case. (*Id.* at 19–20.) Relatedly, Magistrate Judge Chu found that Defendants' proposed remedies would not cure the prejudice. (*Id.* at 20.) While Magistrate Judge Chu was mindful of counsel's demanding schedule and the inadvertency of the error, he did not find the ten-month delay substantially justified. (*Id.* at 21.) Having found that Defendants' failure to disclose the UOF Footage was neither substantially justified nor harmless, Magistrate Judge Chu recommended that this Court "INFORM the jury of [Defendants'] inadvertent failure to timely produce the UOF footage." (*Id.* at 21–22 (emphasis in original).) The Court reviews each of these findings *de novo*. *See* Fed. R. Civ. P. 72(b)(3).

**A.   Substantially Justified**

Defendants repeatedly state that their failure to timely produce the UOF Footage was "inadvertent error." (*See e.g.*, Doc. 227 at 5–6, 12, 14, 16–18, 25, 27; Doc. 244 at 4.) In doing so, Defendants seem to suggest that the failure to produce the UOF Footage was "substantially justified."

The Court has reviewed Defendants' counsel's internal communications, which were submitted to the Court to review *in camera* (*see* Doc. 240 at 21, n.9), and finds that

Defendants' failure to produce the UOF Footage was indeed "inadvertent." As Magistrate Judge Chu noted in his R&R, "[a]ttorney Lanham received the UOF footage from the Sheriff's Department on February 9, 2024, and emailed her staff a couple of days later, stating that the footage needed to be produced as responsive to RFP 26." (Doc. 240 at 20.) Thus, "[t]he communications indicate that, but for the inadvertent error, [Defendants] intended to produce the footage in compliance with its discovery obligations." (*Id.* at 21.)

However, the Court finds that Defendants' failure to produce the UOF Footage is not "substantially justified." While this Court, like Magistrate Judge Chu, is mindful of Defendants' counsel's "demanding schedule and inadvertent error," the innocence of the mistake does not justify Defendants' failure to produce the UOF Footage for approximately ten months. *See Marcus v. Air & Liquid Sys. Corp.*, No. 22-CV-09058-HSG, 2024 WL 2882562, at *3 (N.D. Cal. June 7, 2024) ("[T]he undisputed facts leave little doubt that their tardy and noncompliant submission was not 'substantially justified.' Plaintiffs themselves pin the untimely disclosure on what they characterize as 'excusable neglect' … . They do not point to extenuating circumstances or factors truly outside of their control that prevented their compliance with Rule 26(a).").

**B.    Harmless**

As set forth above, in determining whether Defendants' failure to produce the UOF Footage was harmless, the Court may consider "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence." *Liberty Ins. Corp.*, 41 F.4th at 1192 (quotation omitted). In their Objection, Defendants argue that Plaintiffs failed to establish prejudice or that Defendants acted in bad faith. (Doc. 244 at 2–3.) Specifically, Defendants argue that "there was no bad faith or willfulness[,]" that "trial will not be disrupted as the pre-trial conference is not yet set," that "Plaintiffs have now had the UOF [Footage] for more than four months, and [that] they have the opportunity to re-depose Deputy Kakkar at the [Defendants'] cost." (*Id.* at 3.)

As set forth above (*see* Section III.A), the Court is persuaded that Defendants' discovery violation was "inadvertent" and not the result of "bad faith or willfulness." The Court is also persuaded that trial will not be disrupted, as a pretrial conference date has not been set and other issues, such as the CIRB privilege issue (*see* Docs. 253–54), have delayed this matter further. However, Plaintiffs have demonstrated prejudice preventing a finding of harmlessness. The record demonstrates that Defendants received the UOF Footage in February 2024 but did not produce it until December 2024. During this time, Plaintiffs filed second and third amended complaints (*see* Docs. 87, 121), opposed Defendants' Motion to Dismiss the TAC (Doc. 125), and filed a partial Motion for Summary Judgment (Doc. 151), all without the benefit of the UOF Footage. The Court agrees with Magistrate Judge Chu that "[n]ot having this information for ten months, in and of itself, limited Plaintiffs' ability to pursue their case." (Doc. 240 at 20.) Therefore, like Magistrate Judge Chu, "the Court finds that Plaintiffs were prejudiced by the untimely production." (*Id.*)

Accordingly, the Court finds that the first and second factors regarding prejudice weigh in favor of finding that Defendants' failure to timely produce the UOF Footage is not harmless.

**C.    Sanctions**

As set forth above, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition … , the court, on motion and after giving an opportunity to be heard: … (B) may inform the jury of the party's failure … ." Fed. R. Civ. P. 37(c)(1). Having found that Defendants' failure to produce the UOF Footage was not substantially justified or harmless under Rule 37(c)(1)(B), the Court **ADOPTS** Magistrate Judge Chu's recommendation that this Court "INFORM the jury of the County's inadvertent failure to timely produce the UOF [F]ootage." (Doc. 240 at 21–22 (emphasis in original).) The Court clarifies, however, that this sanction is not as broad as Plaintiffs' proposed sanction.

In their Sanctions Motions, Plaintiffs argued that "[t]he jury should be advised of the discovery violation *and told that they may infer liability from the conduct*." (Doc. 179-1 at 27 (emphasis added).) In contrast, per Magistrate Judge Chu's recommendation, to which Plaintiffs did not object, the Court will inform "the jury of the County's *inadvertent* failure to timely produce the UOF [F]ootage." (Doc. 240 at 21–22 (emphasis added).) The Court will not inform the jury "that they may infer liability from the conduct." (Doc. 179-1 at 27.)

The Court also addresses Plaintiffs' additional requests related to the requested jury instruction. In their Sanctions Motion, Plaintiffs argued that Defendants "should be prevented from making the argument that 1) any cell check was conducted properly during that shift; 2) [Deputy] Kakkar failed to tell his supervisors about the failed cell checks because he was disoriented or lacked the ability to do so; or 3) Title 15 rules were suspended because there was an emergency." (*Id.*) In other words, Plaintiffs argued that "Defendants should be prevented from permitting any witness to testify to suggest or imply that cell checks were conducted properly or that [Deputy] Kakkar was disoriented or injured in the head." (*Id.*) Plaintiffs did not cite any authority supporting these requests, Magistrate Judge Chu did not recommend the imposition of such sanctions, and Plaintiffs did not object to Magistrate Judge Chu's R&R. Therefore, the Court will not impose any such sanctions.

## IV. **CONCLUSION**

For the reasons set forth above, the Court **ADOPTS** Magistrate Judge Chu's R&R in its entirety.

**IT IS SO ORDERED.**

Dated: June 23, 2025

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE