1  EUGENE G. IREDALE: SBN 75292
2  JULIA YOO: SBN 231163
3  CHELSEA REHERMAN: SBN 343446
   IREDALE & YOO, APC
4  105 West F Street, Fourth Floor
   San Diego, CA  92101-6036
5  Telephone: (619) 233-1525
6  Fax: (619) 233-3221

7  Attorneys for Plaintiffs

8

9              UNITED STATES DISTRICT COURT

10             SOUTHERN DISTRICT OF CALIFORNIA

11

12 THE ESTATE OF OMAR MORENO       ) CASE NO. 21-cv-1956-RBM-SBC
   ARROYO by and through its      )
13 successor-in-interest TAMMY     )
14 WILSON; and TAMMY WILSON,       ) **DECLARATION OF JULIA**
                                   ) **YOO IN SUPPORT OF**
15                  Plaintiffs,    ) **PLAINTIFFS' MOTION FOR**
                                   ) **DISCOVERY SANCTIONS**
16                                 )
17      v.                         )
                                   ) Hon. Ruth Bermudez Montenegro
18 COUNTY OF SAN DIEGO, *et al.*,  )
                                   )
19                  Defendants.    )
20                                 )
21                                 )
22                                 )
23                                 )
24                                 )
25                                 )
26                                 )
27                                 )
28 _____  )

I, JULIA YOO, being duly sworn, hereby declare:

1. I am a partner at the law firm of Iredale & Yoo, APC. We represent the Plaintiffs in the above-entitled action. I make this declaration based on my personal knowledge. If called to testify on the matters set forth herein, I could and would competently testify as to these matters based upon my personal knowledge.

2. On April 6, 2021, three months after Omar's death, my office sent a preservation letter to the County of San Diego requesting the County preserve "all video footage from the Central Jail which depicts or shows Omar Moreno…on January 6 and 7, 2021, from the time of the entry into the facility for booking until the time Mr. Moreno's body is taken out." A true and correct copy of the preservation letter is attached as Exhibit 1.

3. On April 28, 2021, my office submitted a claim form on behalf of Tammy Wilson and the Estate of Omar Moreno Arroyo. A true and correct copy of the claim, along with the return receipt is attached as Exhibit 2.

4. On September 21, 2023, Plaintiff the Estate of Omar Moreno Arroyo served Defendant County of San Diego with Requests for Production of Documents (Set Two). Attached as Exhibit 3.

5. On November 21, 2023, the County of San Diego served Plaintiffs with its responses. A true and correct copy is attached as Exhibit 4.

6. RFP 26 requested "Any and all video of the hallways outside of any holding cell or detention cell, on January 6, 2021 during the time Omar Moreno Arroyo was inside the cell." See Exh. 3, p. 7.

7. The County responded: "Objection. Request for "any and all video... of the hallways outside... any holding cell or detention cell" is compound, ambiguous and overbroad in its scope and time. Subject to and without waiving the foregoing objections, Responding Party identifies the following material which was produced on 7/14/2023, 8/29/2023 and 10/20/2023 pursuant to the provisions of the Protective Order (Doc No. 28) and will not be re-produced with this

response: Jail Surveillance Videos, Bates Numbered CSD-000001-CSD-000003 and CSD-000005-CSD-000026." See Exh. 4, p. 5.

8. Within the instructions Plaintiff provided to Defendant in the request for production, Plaintiff stated that if Defendant could not comply with the request, the response should specify whether the evidence "has been destroyed…[or] lost." See Exh. 3, p. 5.

9. The parties conducted a meet and confer on December 14, 2023 regarding, among other things, Defendant's responses to Plaintiff's requests.

10. On December 14, 2023, Ms. Reherman sent a follow-up email to county counsel Ron Lenert and Sarah Lanham summarizing the content of our meet and confer. Regarding RFP 26, Ms. Reherman stated, "we are seeking footage from the hallway outside dressout cell #1 during the time Omar was housed there on 1/6/21."

11. On December 22, 2023, Mr. Lenert responded: "Following up on RFP 26 (footage from the hallway outside dressout cell #1 on 1/6/21), the Dept has searched all video that still exists and we have no additional discovery or footage to produce." Attached as Exhibit 5.

12. On December 10, 2024, Defendants sent Plaintiffs copies of their trial exhibits.

13. On December 15, 2024, while drafting the Reply to Plaintiffs' motion for partial summary judgment, by happenstance I clicked on an image in the report of defense expert Vrendenburgh to enlarge it for a closer look.

14. It was only then I realized that the images in the expert report were from video footage of the hallway the night Omar Moreno died. The photographs were stills from a camera in one of the two hallways outside Dress Out Cell #1 taken at 21:37:50.

15. On December 17, 2024, while reviewing Defendants' trial exhibits, I reviewed Defendants' exhibits "BK0," "BK1" and "BK2." These three exhibits

1 | represent three different cameras positioned in a hallway outside of the cell Omar was housed in.

16. This footage was never produced to Plaintiffs.

17. Defendants never produced any video footage, from any time frame, from the three cameras in the hallway outside of Omar's cell.

18. My associate Chelsea Reherman and I met and conferred with county counsel Ron Lenert and Sarah Lanham regarding the filing of this motion for discovery sanctions on December 18, 2024. This occurred after I made several requests for the meeting.

19. According to the representation of County Counsel, they obtained the footage of deputy Geo Kakkar in the hallway in February of 2024.

20. According to Mr. Lenert, the footage was provided to their expert sometime after February and before July, when the expert issued his final opinion.

21. Ms. Lanham also represented that their office does not engage in preserving evidence or litigation hold procedures and that any preservation of the video evidence would be done by Homicide investigators.

22. They represented that they would assume there are at least two cameras in the two hallways. They stated that the video must have been recorded over and that at the time of the request for production of the footage, they no longer existed.

23. Attached as Exhibit 6 is a true and correct copy of the report of Defendants' expert Michael Vredenburgh, which was produced in discovery.

24. Attached as Exhibit 10 is a true and correct copy of an email chain between myself, my associate Chelsea Reherman and Ron Lenert.

25. Attached as Exhibit 11 is a true and correct copy of the San Diego Sheriff's Department Briefing and Scene Report produced by Defendants during discovery as CSD-000342-352.

26. Attached as Exhibit 12 is a true and correct copy of pages from of *K.J.P. v. County of San Diego*, 15cv2692 (S.D. Cal.), ECF 459.

27. Attached as Exhibit 13 is a true and correct copy of pages from of *K.J.P. v. County of San Diego*, 15cv2692 (S.D. Cal.), ECF 531.

28. Attached as Exhibit 14 is a true and correct copy of pages from of *Myles v. County of San* Diego, 15-cv-1985-JAH-BLM, ECF 445-2.

29. Attached as Exhibit 15 is a true and correct copy of pages from of *Myles v. County of San* Diego, 15-cv-1985-JAH-BLM, ECF 225.

30. Attached as Exhibit 16 is a true and correct copy of pages from of *Myles v. County of San* Diego, 15-cv-1985-JAH-BLM, ECF 438.

31. Attached as Exhibit 17 is a true and correct copy of pages from of *Nunez v. County of San Diego*, 16-CV-1412-BEN (MDD), ECF 337-2.

32. Attached as Exhibit 18 is a true and correct copy of pages from of *Nunez v. County of San Diego*, 16-CV-1412-BEN (MDD), ECF 337-13.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 27th day of December, 2024, in San Diego, California.

/s/Julia Yoo
JULIA YOO