```
1  EUGENE G. IREDALE: SBN 75292
2  JULIA YOO: SBN 231163
   CHELSEA REHERMAN: SBN 343446
3  IREDALE & YOO, APC
4  105 West F Street, Fourth Floor
   San Diego, CA  92101-6036
5  Telephone: (619) 233-1525
6  Fax: (619) 233-3221G
7  Attorneys for Plaintiffs
8
```

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF OMAR MORENO ARROYO by and through its successor-in-interest TAMMY WILSON; and TAMMY WILSON, <br><br>　　　　　　　Plaintiffs, <br><br>　　v. <br><br>COUNTY OF SAN DIEGO; WILLIAM GORE; JARED ANDERSON; ROBERT BRUNK; CRAIG REMBOLD; EDWARD WILT; KEVIN KAMOSS; and DOES 8-20 AND 26-40 named in their individual capacities, <br><br>　　　　　　　Defendants. | CASE NO. 21-cv-1956-RBM-SBC <br><br>**PLAINTIFFS' MOTION TO *NOT* FILE UNDER SEAL** <br><br>Hon. Ruth Bermudez Montenegro |

Plaintiffs contend all pleadings related to the motions for summary judgment, and any exhibits submitted in support of such pleadings, should be publicly filed. Plaintiffs, however, are required by the operative protective order in this case (ECF No. 28) to conditionally file under seal all material that is deemed "confidential" and subject to the protective order. *See* ECF No. 28 at ¶ 12. For this reason, Plaintiffs move this Court for an order determining that Plaintiffs' omnibus opposition to motions for summary judgment, and all exhibits in support thereof, should be publicly filed on this Court's docket.

As this Court has expressly provided in its Chamber Rules, "There is a presumptive right of public access to court records based upon common law and First Amendment grounds. As such, motions to file documents under seal are strongly discouraged.  The fact that both sides agree to seal a document or that a stipulated protective order was issued is insufficient cause for sealing."  Rule IV(A).  There is a strong presumption of the public access to dispositive pleadings, including the motions for summary judgment and related attachments. If a court decides to seal a judicial record, "it must 'base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal citations omitted). Compelling reasons sufficient to seal court records "exists when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secret." *Id*. at 1179. As the Ninth Circuit has noted, the "mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id*.

In this case, most of the discovery has been produced by the County of San Diego, which has designated the bulk of it as "confidential" and subject to the protective order. The County will argue that the portions of Plaintiffs' omnibus

opposition to motions for summary judgment and some of the exhibits filed in support thereof are confidential. Because there is no compelling reason or good cause to protect these documents from disclosure, Plaintiffs bring this motion requesting an order of this Court to *not* file Plaintiffs' omnibus opposition to motions for judgment or the following exhibits under seal:

| | |
|---|---|
| Exhibit 6 | Audio Recording of Jazly Stewart's Internal Affairs interview (CSD000605) |
| Exhibit 7 | Audio Recording of Craig Rembold's Internal Affairs interview (CSD000601) |
| Exhibit 12 | Internal Affairs E-mail from Craig Rembold (CSD002385-2386) |
| Exhibit 14 | Inmate History Summary Report (CSD001230) |
| Exhibit 35 | Audio Recording of Pre-disciplinary Hearing – Craig Rembold Internal Affairs (CSD000608) |
| Exhibit 36 | Internal Affairs Report (CSD000461-547) |

Plaintiffs are unaware of any compelling reasons, supported by specific, articulable facts, that justify the filing of the above-referenced exhibits under seal or sealing the portions of Plaintiffs' opposition that discuss or rely on those exhibits.

But to ensure the Defendants suffer no prejudice, Plaintiffs will conditionally lodge under seal the above-referenced documents and the motion itself. Plaintiffs, however, move this Court for an order determining that Plaintiffs' omnibus opposition to motions for summary judgment and all exhibits in support should be publicly filed.

Respectfully submitted,

|   |   |   |
|---|---|---|
| 1 |   | **IREDALE & YOO, APC** |
| 2 |   |   |
| 3 | Dated:  December 30, 2024 | s/ *Julia Yoo* |
|   |   | EUGENE IREDALE |
| 4 |   | JULIA YOO |
|   |   | CHELSEA REHERMAN |
| 5 |   | Attorneys for Plaintiffs |