1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF OMAR MORENO ARROYO, by and through its successor-in-interest, TAMMY WILSON; and TAMMY WILSON, | CASE NO. 21-cv-1956-RBM-SBC **[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER** **Hon. Ruth Bermudez Montenegro** |
| Plaintiffs, | |
| v. | Pretrial Conference Date: January 8, 2025 Pretrial Conference Time: 1:30 p.m. |
| COUNTY OF SAN DIEGO, *et al.*, | |
| Defendants. | |

# I.  STATEMENT OF THE CASE

**Plaintiffs Propose:**

This is an action by Plaintiff the Estate of Omar Moreno Arroyo, by and through its successor-in-interest Tammy Wilson and Tammy Wilson, as an individual (collectively "Plaintiffs") against the County of San Diego, William Gore, Jared Anderson, Robert Brunk, Craig Rembold, Edward Wilt, Tanner Sherman, Karl Kamoss and Cesar Cardoza related to the death of Omar Moreno Arroyo. Mr. Moreno died on January 6, 2021 while in the custody of the San Diego Sheriff's Department. Plaintiffs allege that Defendants violated Mr. Moreno's civil rights by failing to render medical care and violating state laws.

Defendants dispute and deny each and every claim by Plaintiffs. They further dispute causation for Plaintiffs' injuries and dispute the nature and extent of Plaintiffs' claimed injuries and damages.

**Defendants Propose:**

This is an action by plaintiff the Estate of Omar Moreno Arroyo, by and through its successor-in-interest Tammy Wilson and Tammy Wilson, as an individual against the County of San Diego, William Gore, Jared Anderson, Robert Brunk, Craig Rembold, Edward Wilt, Tanner Sherman, Karl Kamoss and Cesar Cardoza related to the death of Omar Moreno Arroyo. Mr. Moreno died on January 6, 2021, while in the custody of the San Diego Sheriff's Department. Plaintiffs allege that Defendants violated Mr. Moreno's civil rights by failing to render medical care.

Defendants dispute and deny each and every claim by Plaintiffs. Defendants dispute causation for Plaintiffs' injuries and dispute the nature and extent of Plaintiffs' claimed injuries and damages.  Specifically, Defendants assert that Mr. Moreno did not need medical care at the time of his arrest or while in the jail until the time he decided to swallow his Covid face mask which caused him to die of asphyxiation.  Moreover, Defendants assert that, due to other exigent

circumstances in the jail at that time, it would not have been possible to save Mr. Moreno.

## II.  CAUSES OF ACTION

Plaintiff the Estate of Omar Moreno Arroyo plans to pursue the following claim against defendants Jared Anderson, Robert Brunk, Cesar Cardoza, Karl Kamoss, Craig Rembold, Tanner Sherman and Edward Wilt:

1.  Violation of the Fourth and Fourteenth Amendments, Deliberate Indifference to Omar Moreno's Constitutional Rights (42 U.S.C. § 1983)

Plaintiff the Estate of Omar Moreno Arroyo plans to pursue the following claims against defendants William Gore, Robert Brunk, Cesar Cardoza and Karl Kamoss:

1.  Failure to Properly Train (42 U.S.C. § 1983); and

2.  Failure to Properly Supervise and Discipline (42 U.S.C. § 1983).

Plaintiff the Estate of Omar Moreno Arroyo plans to pursue the following claims against defendants County of San Diego, William Gore, Jared Anderson, Cesar Cardoza, Karl Kamoss, Craig Rembold, Tanner Sherman and Edward Wilt:

1.  Violation of Cal. Civil Code § 52.1 (Bane Act).

Plaintiff the Estate of Omar Moreno Arroyo plans to pursue the following claim against all defendants:

1.  Negligence – Survival Claim (CCP § 377.30)

Plaintiffs plan to pursue the following claim against defendant County of San Diego:

1.  *Monell* Municipal Liability (42 U.S.C. § 1983).

Plaintiff Tammy Wilson plans to pursue the following claim against defendants Jared Anderson, Robert Brunk, Cesar Cardoza, Karl Kamoss, Craig Rembold, Tanner Sherman and Edward Wilt:

1.  Right of Association (42 U.S.C. § 1983)

Plaintiff Tammy Wilson plans to pursue the following claims against all defendants:

1.  Wrongful Death (CCP § 377.60 *et seq.*)

### III.   SUMMARY OF CLAIMS, DAMAGES AND DEFENSES[1]

### A. First Claim – Violation of the Fourth and Fourteenth Amendments Deliberate Indifference to Omar Moreno's Constitutional Rights against Defendants Jared Anderson, Robert Brunk, Cesar Cardoza, Karl Kamoss, Craig Rembold, Tanner Sherman and Edward Wilt by Plaintiff Estate of Omar Moreno Arroyo

Plaintiff's Proposed Elements for the Fourth Amendment Violation (*Bordegaray v. Cnty. of Santa Barbara*, Case No. 2:14-cv-08610-CAS-JPR, 2016 WL 7223254, at *8 (C.D. Cal. Dec. 12, 2016)) (brackets omitted); *see also Tatum v. City & Cnty. of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006):

Plaintiff Estate of Omar Moreno Arroyo has brought a claim under the Fourth Amendment to the United States Constitution against defendants Anderson, Brunk and Rembold.

To prevail on this claim, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

First, defendants failed to promptly provide post-arrest care to Omar Moreno.

Second, the failure to provide care was objectively unreasonable

Third, by not taking such measures the defendants caused the plaintiff's injuries.

---

[1] Defendants have asserted the defense of qualified immunity for all individuals named in this suit.  (ECF No. 145).  Defendants presume this Court will have ruled on this issue prior to the start of trial.  Nevertheless, Defendants do not waive this defense and reassert it herein at all times it would apply.

Plaintiff's Proposed Elements for the Fourteenth Amendment Violation [see Ninth Circuit Model Civil Jury Instruction 9.30]:

Plaintiff Estate of Omar Moreno Arroyo has brought a claim under the Fourteenth Amendment to the United States Constitutions against defendants Jared Anderson, Robert Brunk, Cesar Cardoza, Karl Kamoss, Craig Rembold, Tanner Sherman and Edward Wilt.

To prevail on this claim, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

First, defendants made an intentional decision regarding the conditions under which plaintiff was confined which resulted in the denial of needed medical care to decedent Omar Moreno Arroyo.

Second, the conditions of confinement which resulted in the denial of needed medical care put the plaintiff as substantial risk of suffering serious harm;

Third, the defendants did not take reasonable available measures to abate or reduce the risk of serious harm, even though reasonable deputies under the circumstances would have understood the high degree of risk involved—making the consequences of the defendants' conduct obvious; and

Fourth, by not taking such measures the defendants caused the plaintiff's injuries.

With respect to the third element, the defendants' conduct must be objectively unreasonable.

Defendants' Proposed Elements for the Fourth Amendment Claim[2]: *Espinoza v. California Highway Patrol,* No. 116CV00193DADJLT, 2016 WL 4943960, at *4

---

[2] Throughout this draft PTO, Defendants have attempted to underline the language in their proposed elements that differs from Plaintiffs. Defendants' proposed elements track the Ninth Circuit Model Civil Jury Instructions and/or the Judicial Council approved CACI instructions for the state law claims.

(E.D. Cal. Sept. 16, 2016); *Colson v. City of Bakersfield*, No. 1:10-CV-1776 AWI JLT, 2012 WL 2872802, at *10 (E.D. Cal. July 11, 2012):

    1.    Defendants Anderson, Brunk and/or Rembold acted under color of state law;

    2.    Omar Moreno Arroyo was in obvious medical distress after his arrest;

    3.    Defendants Anderson, Brunk and/or Rembold were not objectively reasonable with regard to the post-arrest medical care of Omar Moreno Arroyo;

    4.    Defendants Anderson, Brunk and/or Rembold's failure caused Omar Moreno Arroyo harm.

Defendants' Proposed Elements for the Fourteenth Amendment Claim [see Ninth Circuit Model Civil Jury Instruction 9.30]:

1. Defendants <u>Jared Anderson, Robert Brunk, Cesar Cardoza, Karl Kamoss, Craig Rembold, Tanner Sherman and/or Edward Wilt</u> acted under color of state law;

2. Defendants <u>Jared Anderson, Robert Brunk, Cesar Cardoza, Karl Kamoss, Craig Rembold, Tanner Sherman and/or Edward Wilt</u> made an intentional decision to deny needed medical care to <u>Omar Moreno Arroyo</u>;

3. Defendants <u>Jared Anderson, Robert Brunk, Cesar Cardoza, Karl Kamoss, Craig Rembold, Tanner Sherman and/or Edward Wilt</u>'s denial of needed medical care put Omar Moreno Arroyo at substantial risk of suffering serious harm;

4. Defendants <u>Jared Anderson, Robert Brunk, Cesar Cardoza, Karl Kamoss, Craig Rembold, Tanner Sherman and/or Edward Wilt</u> did not take reasonable available measures to abate or reduce the risk of serious harm, even though a reasonable officer under the circumstances would have

understood the high degree of risk involved—making the consequences of
the defendant's conduct obvious; and

5. By not taking such measures, defendants <u>Jared Anderson, Robert Brunk,
Cesar Cardoza, Karl Kamoss, Craig Rembold, Tanner Sherman and/or
Edward Wilt</u> caused Omar Moreno Arroyo's <u>death</u>.


With respect to the fourth element, the defendants' conduct must be
objectively unreasonable.


<u>Damages:</u>

Compensatory damages including decedent Omar Moreno Arroyo's
predeath pain and suffering. See *Chaudry v. City of Los Angeles*, 751 F.3d 1096,
1105 (9th Cir. 2014). Under § 1983, the Estate is also entitled to the value of the
loss of his own life to Omar Moreno Arroyo pursuant to *Valenzuela v. City of
Anaheim*, 29 F.4th 1093, 1094 (9th Cir. 2022).

Punitive damages against defendants Anderson, Brunk, Cardoza, Kamoss,
Rembold, Sherman and Wilt.

Attorneys' fees and costs incurred.

<u>Defenses:</u>

**<u>Jared Anderson, Robert Brunk and Craig Rembold (Fourth Amendment):</u>**

Mr. Moreno did not need medical care at the time of his arrest. Moreover,
these defendants transported him to jail knowing he would get medically assessed
there. Moreno was seen by a nurse and his vitals were determined to be within
normal range. These defendants did not deny Moreno medical care nor make an
intentional decision regarding the denial of such care. Their actions were not the
cause of Moreno's injury, which was caused when Moreno ingested a covid mask.
There is no respondeat superior or vicarious liability claim for Section 1983
claims.

In addition, pursuant to Rule 16 of the Federal Rules of Civil Procedure, at any pretrial conference, the court may take the appropriate action to eliminate frivolous claims or defenses and otherwise consider the appropriateness of summary adjudication under Rule 56. Fed. R. Civ. P. 16(c)(2)(A), (E), (L), (N) and (P). Applicable local rules also authorize the court to consider all matters referred to in Rule 16 and other "matters which may be presented concerning parties, process, pleading or proof with a view to simplifying issues and bringing about a just, speedy and inexpensive determination of the matter." Local Rule 16.1(f)(5)(a) and (c). The County Defendants' have filed two motions for summary judgment (ECF Doc. Nos. 144 & 145) and three Daubert motions (ECF Doc Nos. 146, 147 and 148). The County Defendants request a ruling on these issues as they may eliminate or otherwise simplify the issues to be tried. The County Defendants reserve the right to amend/supplement this information once the Court has ruled on the foregoing issues.

**Jared Anderson, Robert Brunk, Cesar Cardoza, Karl Kamoss, Craig Rembold, Tanner Sherman and Edward Wilt (Fourteenth Amendment)**

Mr. Moreno did not need medical care at the time of his arrest. Moreover, he was appropriately taken to jail where he was seen by a nurse and his vitals were determined to be within normal range. These defendants did not deny Moreno medical care nor make an intentional decision regarding the denial of such care..

Mr. Moreno also did not need medical care after arriving at the Central Jail until the time he swallowed his face mask. As a result of a use of force incident at about the same time that Mr. Moreno swallowed his mask, it was not discovered that he had done so until it was too late. Even had a subsequent safety check been completed within five minutes of Moreno's fateful act, he would not have been saved. As such, defendants did not cause his death. Moreover, defendant Wilt's check of Moreno did not cause his death because Moreno was dead long before Wilt's check.

These defendants did not deny Moreno medical care nor make an intentional decision regarding the denial of such care. Their actions were not the cause of Moreno's injury, which was caused when Moreno ingested a covid mask. There is no respondeat superior or vicarious liability claim for Section 1983 claims.

In addition, pursuant to Rule 16 of the Federal Rules of Civil Procedure, at any pretrial conference, the court may take the appropriate action to eliminate frivolous claims or defenses and otherwise consider the appropriateness of summary adjudication under Rule 56. Fed. R. Civ. P. 16(c)(2)(A), (E), (L), (N) and (P). Applicable local rules also authorize the court to consider all matters referred to in Rule 16 and other "matters which may be presented concerning parties, process, pleading or proof with a view to simplifying issues and bringing about a just, speedy and inexpensive determination of the matter." Local Rule 16.1(f)(5)(a) and (c). The County Defendants' have filed two motions for summary judgment (ECF Doc. Nos. 144 & 145) and three Daubert motions (ECF Doc Nos. 146, 147 and 148). The County Defendants request a ruling on these issues as they may eliminate or otherwise simplify the issues to be tried. The County Defendants reserve the right to amend/supplement this information once the Court has ruled on the foregoing issues.

**B. Second Claim – Right of Association against Defendants Jared Anderson, Robert Brunk, Cesar Cardoza, Karl Kamoss, Craig Rembold, Tanner Sherman and Edward Wilt by Plaintiff Tammy Wilson**

Plaintiff's Proposed Elements [see Ninth Circuit Model Civil Jury Instruction 9.30]:

In order to prevail on a § 1983 claim against the defendants Jared Anderson, Robert Brunk, Cesar Cardoza, Karl Kamoss, Craig Rembold, Tanner Sherman and Edward Wilt, the plaintiff must prove each of the following elements by a

preponderance of the evidence:

      1.     the defendants acted under color of state law; and

      2.     the acts and/or failure to act of the defendants deprived the plaintiff of particular rights under the United States Constitution as explained in later instructions; and

      3.     The defendants' conduct was an actual cause of the claimed injury.

Defendants' Proposed Elements: [see Ninth Circuit Model Civil Jury Instruction 9.11[3]; *Roberts v. United States Jaycees*, 468 U.S. 609, 618 (1984).]:

Under the First Amendment, a citizen has the right to associate with others for the purpose of speech, assembly, petition for the redress of grievances, and the exercise of religion. To establish that defendants Jared Anderson, Robert Brunk, Cesar Cardoza, Karl Kamoss, Craig Rembold, Tanner Sherman and/or Edward Wilt deprived Plaintiff Tammy Wilson of this First Amendment right, she must prove the following additional elements by a preponderance of the evidence:

      1.     Plaintiff Tammy Wilson was engaged in a constitutionally protected activity;

      2.     Defendants Jared Anderson, Robert Brunk, Cesar Cardoza, Karl Kamoss, Craig Rembold, Tanner Sherman and/or Edward Wilt's actions against plaintiff Tammy Wilson would chill a person of ordinary firmness from continuing to engage in the protected activity; and

      3.     Plaintiff Tammy Wilson's protected activity was a substantial or motivating factor in the defendant's conduct.

A substantial or motivating factor is a significant factor, though not necessarily the only factor.

---

[3] Plaintiff's Fourteenth Amendment right of association claim was dismissed, leaving only her First Amendment claim. (ECF No. 139, pages 29-32.)

Defendants <u>Jared Anderson, Robert Brunk, Cesar Cardoza, Karl Kamoss, Craig Rembold, Tanner Sherman and/or Edward Wilt</u> must be shown to have been deliberately indifferent to Moreno's medical needs. *M.H. v. Cnty. of Alameda*, 63 F.Supp.3d 1049, 1096 (N.D. Cal. 2014). Their deliberate indifference must "shock the conscience." *Lemire v. California Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1075 (9th Cir. 2013); *Est. of Prasad ex rel. Prasad v. Cnty. of Sutter*, 958 F.Supp.2d 1101, 1116 (E.D. Cal. 2013).

If <u>plaintiff Tammy Wilson</u> establishes each of the foregoing elements, the burden shifts to <u>defendants Jared Anderson, Robert Brunk, Cesar Cardoza, Karl Kamoss, Craig Rembold, Tanner Sherman and/or Edward Wilt</u> to prove by a preponderance of the evidence that <u>they</u> would have taken the actions in question, even in the absence of any motive to retaliate against <u>plaintiff Tammy Wilson</u>. If you find that <u>defendants Jared Anderson, Robert Brunk, Cesar Cardoza, Karl Kamoss, Craig Rembold, Tanner Sherman and/or Edward Wilt are</u> able to demonstrate this, you must find for the defendants. If you find that <u>defendants Jared Anderson, Robert Brunk, Cesar Cardoza, Karl Kamoss, Craig Rembold, Tanner Sherman and/or  Edward Wilt are</u> not able to demonstrate this, you must find for the plaintiff.


<u>Damages:</u>

Compensatory damages.

Punitive damages.

Attorneys' fees and costs incurred.

**<u>Defenses: Jared Anderson, Robert Brunk, Cesar Cardoza, Karl Kamoss, Craig Rembold, Tanner Sherman and Edward Wilt:</u>**

Mr. Moreno did not need medical care at the time of his arrest. Instead, he was intentionally using a recreational dose of methamphetamine, which was the basis of his alleged symptoms. Moreno was appropriately taken to jail where he

was seen by a nurse and his vitals were determined to be within normal range. These defendants did not deny Moreno medical care nor make an intentional decision regarding the denial of such care. Their actions were not deliberately indifferent, did not shock the conscious, and were not the cause of Moreno's injury.  There is no respondeat superior or vicarious liability claim for Section 1983 claims.

Moreno did not need medical care after arriving at the Central Jail until the time he swallowed his face mask.  As a result of a use of force incident at about the same time that Moreno swallowed his mask, it was not discovered that he had done so until it was too late.  Even had a subsequent safety check been completed within five minutes of Moreno's fateful act, he would not have been saved.  As such, defendants did not cause his death.  Moreover, defendant Wilt's check of Moreno did not cause his death because Moreno was dead long before Wilt's check.  As such, these defendants did not deny Moreno medical care nor make an intentional decision regarding the denial of such care. Their actions were not deliberately indifferent, did not shock the conscious, and were not the cause of Moreno's injury.  There is no respondeat superior or vicarious liability claim for Section 1983 claims.

In addition, pursuant to Rule 16 of the Federal Rules of Civil Procedure, at any pretrial conference, the court may take the appropriate action to eliminate frivolous claims or defenses and otherwise consider the appropriateness of summary adjudication under Rule 56.  Fed. R. Civ. P. 16(c)(2)(A), (E), (L), (N) and (P).  Applicable local rules also authorize the court to consider all matters referred to in Rule 16 and other "matters which may be presented concerning parties, process, pleading or proof with a view to simplifying issues and bringing about a just, speedy and inexpensive determination of the matter."  Local Rule 16.1(f)(5)(a) and (c).  The County Defendants' have filed two motions for summary judgment (ECF Doc. Nos. 144 & 145) and three Daubert motions (ECF

Doc Nos. 146, 147 and 148).  The County Defendants request a ruling on these issues as they may eliminate or otherwise simplify the issues to be tried.  The County Defendants reserve the right to amend/supplement this information once the Court has ruled on the foregoing issues.

**C. Third Claim: Failure to Properly Train against Defendants William Gore, Robert Brunk, Cesar Cardoza and Karl Kamoss by Plaintiff Estate of Omar Moreno Arroyo**

Plaintiff's Proposed Elements [see Ninth Circuit Model Civil Jury Instruction 9.4]:

In order to prevail on plaintiff's § 1983 claim against the supervisor defendants, William Gore, Robert Brunk, Cesar Cardoza and Karl Kamoss, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. The supervisory defendants acted under color of state law;
2. The failure to train the supervisory defendants' subordinates deprived plaintiff of particular rights under the United States Constitution as explained in later instructions;
3. The supervisory defendants disregarded the known or obvious consequence that a particular training deficiency would cause their subordinates to violate the plaintiff's constitutional rights;
4. That deficiency or omission actually caused the subordinates to deprive the plaintiff of plaintiff's constitutional rights; and
5. The supervisory defendants' conduct was so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

Defendants' Proposed Elements [Ninth Circuit Model Civil Jury Instruction 9.4]::

1. Defendants <u>William Gore, Robert Brunk, Cesar Cardoza and Karl Kamoss</u> acted under color of state law;

2. The acts or failures to act of the subordinates of <u>William Gore, Robert Brunk, Cesar Cardoza and/or Karl Kamoss</u> deprived <u>Omar Moreno Arroyo</u> of his particular rights under the United States Constitution as explained in other instructions;

3. <u>Defendants William Gore, Robert Brunk, Cesar Cardoza and/or Karl Kamoss</u> disregarded the known or obvious consequence that a particular training deficiency or omission would cause their subordinates to violate Omar Moreno Arroyo's constitutional rights;

4. That deficiency or omission actually caused defendants <u>William Gore, Robert Brunk, Cesar Cardoza and/or Karl Kamoss</u>' subordinates to deprive Omar Moreno Arroyo of his constitutional rights; and

5. <u>Defendants William Gore, Robert Brunk, Cesar Cardoza and/or Karl Kamoss'</u> conduct was so closely related to the deprivation of Omar Moreno Arroyo's rights as to be the moving force that caused the ultimate injury.

<u>Damages:</u>

Compensatory damages including decedent Omar Moreno Arroyo's predeath pain and suffering. See *Chaudry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. 2014). Under § 1983, the Estate is also entitled to the value of the loss of his own life to Omar Moreno Arroyo pursuant to *Valenzuela v. City of Anaheim*, 29 F.4th 1093, 1094 (9th Cir. 2022).

Attorneys' fees and costs incurred.

**Defenses: William Gore, Robert Brunk, Cesar Cardoza and Karl Kamoss:**

Defendant William Gore did not have any personal involvement relating to Mr. Moreno's incident and his conduct was not in any way related to Moreno's death. And, no particular training or lack of training is alleged. He is also entitled

to qualified immunity.  There is no respondeat superior or vicarious liability for Section 1983 claims.

Brunk, Cardoza and Kamoss cannot be held liable because there is no evidence that they were responsible for providing formal training to their subordinates, specifically to Kakkar or Wilt.  Moreno's death was not the result of any particular known training deficiency, and none of their subordinates violated Moreno's constitutional rights.  These defendants are also entitled to qualified immunity.

No policy *caused* this injury. *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979). There is no § 1983 liability where no injury or constitutional violation has occurred. *Jackson v. City of Bremerton*, 268 F.3d 646,653- 54 (9th Cir. 2001).

Moreno did not need medical care at the time of his arrest.  Instead, he was intentionally using a recreational dose of methamphetamine, which was the basis of his alleged symptoms.  Moreno was appropriately taken to jail where he was seen by a nurse and his vitals were determined to be within normal range.  Moreno was not denied any needed medical care.  These defendants' actions were not the cause of Moreno's injury.  There is no respondeat superior or vicarious liability claim for Section 1983 claims.

Moreno also did not need medical care after arriving at the Central Jail until the time he swallowed his face mask.  As a result of a use of force incident at about the same time that Mr. Moreno swallowed his mask, it was not discovered that he had done so until it was too late.  Even had a subsequent safety check been completed within five minutes of Moreno's fateful act, he would not have been saved.

In addition, pursuant to Rule 16 of the Federal Rules of Civil Procedure, at any pretrial conference, the court may take the appropriate action to eliminate frivolous claims or defenses and otherwise consider the appropriateness of summary adjudication under Rule 56.  Fed. R. Civ. P. 16(c)(2)(A), (E), (L), (N)

and (P).  Applicable local rules also authorize the court to consider all matters referred to in Rule 16 and other "matters which may be presented concerning parties, process, pleading or proof with a view to simplifying issues and bringing about a just, speedy and inexpensive determination of the matter."  Local Rule 16.1(f)(5)(a) and (c).  Defendants reserve the right to amend/supplement this information once the Court has ruled on the issues raised in the pending MSJ and *Daubert* motions.

**D. Fourth Claim: Failure to Properly Supervise and Discipline against Defendants William Gore, Robert Brunk, Cesar Cardoza and Karl Kamoss by Plaintiff Estate of Omar Moreno Arroyo**

Plaintiff's Proposed Elements [see Ninth Circuit Model Civil Jury Instruction 9.4]:

In order to prevail on plaintiff's § 1983 claim against the supervisor defendants, William Gore, Robert Brunk, Cesar Cardoza and Karl Kamoss, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. The supervisory defendants acted under color of state law;
2. The failure to supervise and discipline the supervisory defendants' subordinates deprived plaintiff of particular rights under the United States Constitution as explained in later instructions;
3. The supervisory defendants knew that their subordinates were engaging in these acts and knew or reasonable should have known that their subordinates' conduct would deprive plaintiff of these rights;
4. The supervisory defendants failed to act to prevent their subordinates from engaging in such conduct.
5. The supervisory defendants' conduct was so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

Defendants' Proposed Elements:

1. Defendants <u>William Gore, Robert Brunk, Cesar Cardoza and Karl Kamoss</u>
acted under color of state law;

2. The acts or failures to act of the subordinates of <u>defendants William Gore,
Robert Brunk, Cesar Cardoza and/or Karl Kamoss</u> deprived Omar Moreno
Arroyo of his particular rights under the United States Constitution as
explained in other instructions;

3. <u>Defendants William Gore, Robert Brunk, Cesar Cardoza and/or Karl
Kamoss</u> engaged in conduct that showed a reckless or callous indifference to
the deprivation by the subordinate of the rights of others; and

4. <u>Defendants William Gore, Robert Brunk, Cesar Cardoza and/or Karl
Kamoss'</u> conduct was so closely related to the deprivation of Omar Moreno
Arroyo's rights as to be the moving force that caused the ultimate injury.

<u>Damages:</u>

Compensatory damages including decedent Omar Moreno Arroyo's
predeath pain and suffering. See *Chaudry v. City of Los Angeles*, 751 F.3d 1096,
1105 (9th Cir. 2014). Under § 1983, the Estate is also entitled to the value of the
loss of his own life to Omar Moreno Arroyo pursuant to *Valenzuela v. City of
Anaheim*, 29 F.4th 1093, 1094 (9th Cir. 2022).

Attorneys' fees and costs incurred.

**Defenses: William Gore, Robert Brunk, Cesar Cardoza and Karl Kamoss**

Defendant William Gore did not have any personal involvement relating to
Mr. Moreno's incident and his conduct was not in any way related to Omar
Moreno Arroyo's death. And, no particular training or lack of training is alleged.
He is also entitled to qualified immunity. There is no respondeat superior or
vicarious liability for Section 1983 claims.

Similarly, defendants Brunk, Cardoza and Kamoss also did not cause the death of Omar Moreno Arroyo as a result of any particular known training deficiency, and none of their subordinates violated Mr. Moreno's constitutional rights. These defendants are also entitled to qualified immunity.

No policy *caused* this injury. *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979). There is no § 1983 liability where no injury or constitutional violation has occurred. *Jackson v. City of Bremerton*, 268 F.3d 646,653- 54 (9th Cir. 2001).

Mr. Moreno did not need medical care at the time of his arrest. Instead, he was intentionally using a recreational dose of methamphetamine, which was the basis of his alleged symptoms. Moreno was appropriately taken to jail where he was seen by a nurse and his vitals were determined to be within normal range. Mr. Moreno was not denied any needed medical care. These defendants' actions were not the cause of Moreno's injury, and they are entitled to qualified immunity. There is no respondeat superior or vicarious liability claim for Section 1983 claims.

Mr. Moreno also did not need medical care after arriving at the Central Jail until the time he swallowed his face mask. As a result of a use of force incident at about the same time that Mr. Moreno swallowed his mask, it was not discovered that he had done so until it was too late. Even had a subsequent safety check been completed within five minutes of Moreno's fateful act, he would not have been saved.

In addition, pursuant to Rule 16 of the Federal Rules of Civil Procedure, at any pretrial conference, the court may take the appropriate action to eliminate frivolous claims or defenses and otherwise consider the appropriateness of summary adjudication under Rule 56. Fed. R. Civ. P. 16(c)(2)(A), (E), (L), (N) and (P). Applicable local rules also authorize the court to consider all matters referred to in Rule 16 and other "matters which may be presented concerning parties, process, pleading or proof with a view to simplifying issues and bringing

about a just, speedy and inexpensive determination of the matter."  Local Rule 16.1(f)(5)(a) and (c).  The County Defendants' have filed two motions for summary judgment (ECF Doc. Nos. 144 & 145) and three Daubert motions (ECF Doc Nos. 146, 147 and 148).  The County Defendants request a ruling on these issues as they may eliminate or otherwise simplify the issues to be tried.  The County Defendants reserve the right to amend/supplement this information once the Court has ruled on the foregoing issues.

**E. Fifth Claim: *Monell* Municipal Liability Civil Rights Action against Defendant County of San Diego by Plaintiffs**

Plaintiff's Proposed Elements [see Ninth Circuit Model Civil Jury Instruction 9.5]:

In order to prevail on the plaintiff's § 1983 claim against defendant County of San Diego alleging liability based on an official policy, practice, or custom, the plaintiffs must prove each of the following elements by a preponderance of the evidence:

### *1.  for Inadequate Policies or Custom*

1.    Employees and agents of the County acted under color of state law;

2.    Decedent Omar Moreno was deprived of his constitutional rights under the Fourth and Fourteenth Amendments by employees and agents of the County by their action or inaction;

3.    The employees and agents acted pursuant to policies, or a widespread or longstanding practice or custom of inaction of the County;

4.    The County's policies or longstanding practice or custom of inaction were deliberately indifferent to a substantial risk of serious harm to persons in custody at county jails; and

5.    The County's policies caused harm to Decedent.

Plaintiff's Proposed Elements [see Ninth Circuit Model Civil Jury Instruction 9.3]:

### 2. Based on Ratification

1.      Employees of the County of San Diego including the named individual defendants acted under color of state law;

2.      The   individual employees deprived the plaintiffs of  their particular rights under the United States Constitution as explained in later instructions;

3.      William Gore and Kelly Martinez acted under color of state law;

4.      William Gore and Kelly Martinez had final policymaking authority from defendant County of San Diego concerning the acts or failure to act of their employees; and

5.      William Gore and Kelly Martinez ratified their conduct, that is, William Gore and Kelly Martinez knew of and specifically made a deliberate choice to approve their employees' acts or the failure to act and the basis for it.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  The parties have stipulated that William Gore and Kelly Martinez acted under color of state law.

I instruct you that William Gore and Kelly Martinez had final policymaking authority from defendant County concerning the acts at issue and, therefore, the fourth element requires no proof.

Defendants' Proposed Elements: Inadequate Policy [Ninth Circuit Model Civil Jury Instruction 9.5]:

1. William Gore, Jared Anderson, Robert Brunk, Craig Rembold, Edward Wilt, Tanner Sherman, Karl Kamoss and Cesar Cardoza acted under color of state law;

2. The acts of William Gore, Jared Anderson, Robert Brunk, Craig Rembold, Edward Wilt, Tanner Sherman, Karl Kamoss and/or Cesar Cardoza deprived Omar Moreno Arroyo of particular rights under the United States Constitution as explained in other instructions;

3. The William Gore, Jared Anderson, Robert Brunk, Craig Rembold, Edward Wilt, Tanner Sherman, Karl Kamoss and/or Cesar Cardoza acted pursuant to an expressly adopted official policy of the defendant County of San Diego; and

4. The County of San Diego's official policy was deliberately indifferent to the known or obvious consequence of serious harm to persons in custody at county jails; and

5. The County of San Diego's official policy widespread caused the deprivation of Omar Moreno Arroyo's rights by William Gore, Jared Anderson, Robert Brunk, Craig Rembold, Edward Wilt, Tanner Sherman, Karl Kamoss and/or Cesar Cardoza; that is, the County of San Diego's official policy is so closely related to the deprivation of Omar Moreno Arroyo's rights as to be the moving force that caused the ultimate injury.

Defendants' Proposed Elements: Ratification [Ninth Circuit Model Civil Jury Instruction 9.7]:[4]

---

[4] Sheriff Martinez is not a party to this action.

1.    William Gore, Jared Anderson, Robert Brunk, Craig Rembold, Edward Wilt, Tanner Sherman, Karl Kamoss and Cesar Cardoza acted under color of state law;

2.    the acts or failure to act of William Gore, Jared Anderson, Robert Brunk, Craig Rembold, Edward Wilt, Tanner Sherman, Karl Kamoss and/or Cesar Cardoza deprived the Omar Moreno Arroyo of  particular rights under the United States Constitution as explained in later instructions;

4.    Defendant William Gore had final policymaking authority from defendant County of San Diego concerning the acts or failure of act of Jared Anderson, Robert Brunk, Craig Rembold, Edward Wilt, Tanner Sherman, Karl Kamoss and/or Cesar Cardoza; and

5.    Defendant William Gore ratified Jared Anderson, Robert Brunk, Craig Rembold, Edward Wilt, Tanner Sherman, Karl Kamoss and/or Cesar Cardoza's acts or failure to act, that is, Mr. Gore knew of and specifically made a deliberate choice to approve Jared Anderson, Robert Brunk, Craig Rembold, Edward Wilt, Tanner Sherman, Karl Kamoss and/or Cesar Cardoza's acts or failure to act and the basis for it.

Damages:

Compensatory damages including decedent Omar Moreno Arroyo's predeath pain and suffering. See *Chaudry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. 2014). Under § 1983, the Estate is also entitled to the value of the loss of his own life to Omar Moreno Arroyo pursuant to *Valenzuela v. City of Anaheim*, 29 F.4th 1093, 1094 (9th Cir. 2022).

**Defenses: County of San Diego:**

Plaintiff has not specified the official policy or long-standing custom and practice they contend violated their rights. No policy *caused* this injury. *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979).  The isolated incident of Moreno swallowing his face mask, by definition, does not amount to a long-standing custom and practice.  Any alleged deficiency that caused or contributed to

Moreno's death was not a result of any official policy or long-standing pattern or practice. Plaintiff has not alleged and cannot prove a pattern of prior, similar constitutional violations that plausibly demonstrate deliberate indifference on the part of the County. Plaintiffs cannot establish that the injury would have been avoided had different/proper policies been implemented. *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1190 (9th Cir. 2006). There is no respondeat superior or vicarious liability for Section 1983 claims.

In addition, this is a survival claim not a wrongful death claim. The only constitutional rights at issue in this claim are those belonging exclusively to the decedent, Mr. Moreno. Plaintiff Wilson is not a proper party to this claim. Her only conceivable constitutional deprivation is the Right of Association, which is the second claim. As such, wrongful death damages are not recoverable under this claim.

Mr. Moreno did not need medical care at the time of his arrest. Instead, he was intentionally using a recreational dose of methamphetamine, which was the basis of his alleged symptoms. Moreno was appropriately taken to jail where he was seen by a nurse and his vitals were determined to be within normal range. Mr. Moreno was not denied any needed medical care. Defendants' actions were not the cause of Moreno's injury. There is no respondeat superior or vicarious liability claim for Section 1983 claims.

Mr. Moreno also did not need medical care after arriving at the Central Jail until the time he swallowed his face mask. As a result of a use of force incident at about the same time that Mr. Moreno swallowed his mask, it was not discovered that he had done so until it was too late. Even had a subsequent safety check been completed within five minutes of Moreno's fateful act, he would not have been saved.

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, at any pretrial conference, the court may take the appropriate action to eliminate frivolous claims

or defenses and otherwise consider the appropriateness of summary adjudication under Rule 56. Fed. R. Civ. P. 16(c)(2)(A), (E), (L), (N) and (P). Applicable local rules also authorize the court to consider all matters referred to in Rule 16 and other "matters which may be presented concerning parties, process, pleading or proof with a view to simplifying issues and bringing about a just, speedy and inexpensive determination of the matter." Local Rule 16.1(f)(5)(a) and (c). Defendants reserve the right to amend/supplement this information once the Court has ruled on the pending MSJ and *Daubert* motions.

## F. Sixth Claim: Negligence – Survival Claim against all Defendants by Plaintiff Estate of Omar Moreno Arroyo

<u>Plaintiff's Proposed Elements [see CACI No. 400 (2024)]:</u>

Plaintiff claims that decedent Omar Moreno Arroyo was harmed by all defendants' negligent conduct. To establish this claim, Plaintiff must prove all of the following:

1. There was a legal duty to use care towards decedent Omar Moreno Arroyo;
2. There was a breach of such legal duty;
3. The breach is the proximate or legal cause of the resulting injury;
4. That decedent Omar Moreno Arroyo was harmed; and
5. The defendants' negligence was a substantial factor in causing Mr. Moreno's harm.

<u>Defendants' Proposed Elements: CACI No. 400. (2024):</u>

1. William Gore, Jared Anderson, Robert Brunk, Craig Rembold, Edward Wilt, Tanner Sherman, Karl Kamoss and/or Cesar Cardoza were negligent;
2. Omar Moreno Arroyo was harmed; and

3. William Gore, Jared Anderson, Robert Brunk, Craig Rembold, Edward Wilt, Tanner Sherman, Karl Kamoss and/or Cesar Cardoza's negligence was a substantial factor in causing Omar Moreno Arroyo's harm.

Damages:

 Economic damages;

 Nominal damages

**Defenses:**

Defendants do not owe any legal duty to Plaintiff Tammy Wilson under California State law. And, under California Code of Civil Procedure, §377.30 *et seq*), the damages recoverable by the Estate are limited to "the loss or damage that the decedent sustained or incurred before death, including any penalties or punitive or exemplary damages that the decedent would have been entitled to recover had the decedent lived, and do not include damages for pain, suffering, or disfigurement." (*id.* at § 377.34*)* Punitive damages are not recoverable against a public entity. Gov't Code § 818.

Defendants did not breach any duties to Mr. Moreno, complied with the applicable standards of care, and their conduct was not a legal or proximate cause of his death.

Defendant William Gore did not have any personal involvement in the arrest, incarceration, or death of Moreno. He was not personally involved in the training provided to the deputies involved with Moreno, nor was he aware of any reason to suspect any training deficiencies of these deputies posed a risk to the constitutional rights of Moreno. Defendant Gore's conduct was not in any way related to Moreno's death.

Arresting deputies were not negligent. There is no claim for unlawful arrest, and a finding that the arresting deputies' conduct was objectively reasonable under

the Fourth Amendment inherently precludes negligence liability. *See e.g., City of Simi Valley v. Superior Ct.*, 111 Cal.App.4th 1077, 1083 (2003). Moreno did not need medical care at the time of his arrest. Instead, he was intentionally using a recreational dose of methamphetamine, which was the basis of his alleged symptoms. Moreno was appropriately taken to jail where he was seen by a nurse and his vitals were determined to be within normal range. Mr. Moreno was not denied any needed medical care. These defendants' actions were not the cause of Moreno's injury, and they are entitled to qualified immunity. There is no respondeat superior or vicarious liability claim for Section 1983 claims.

The jail deputies were not negligent. There is no evidence that allowing a calm, sober Moreno to sit in an occupied cell with periods of non-observation was a breach of a duty. And there is no evidence that these actions *caused* Moreno harm. *See e.g. Steinle v. United States*, 17 F.4th 819, 822 (9th Cir. 2021) (legal causation is a "required element" of a negligence claim). Moreno did not die from any underlying medical or mental health issue. Mr. Moreno also did not need medical care after arriving at the Central Jail until the time he swallowed his face mask. As a result of a use of force incident at about the same time that Mr. Moreno swallowed his mask, it was not discovered that he had done so until it was too late. Even had a subsequent safety check been completed within five minutes of Moreno's fateful act, he would not have been saved.

Defendants cannot be held liable for negligent supervision, selection, training, retention, or discipline. *Munoz v. City of Union City* (2004)120 Cal. App. 4th 1077, 1112 (2004); *de Villers v. County of San Diego* (2007) 156 Cal.App.4th 238, 252-256.

Moreno bears responsibility for comparative or contributory negligence. His state of intoxication led to his lawful arrest. And there is no explanation that any outside force caused him to put the COVID mask in his mouth and swallow it.

Other defenses include:

1.  Contributory fault of non-parties;

2.  Comparative fault of decedent, Omar Moreno Arroyo;

3.  Immunity from liability for any state law wrongful death or negligence claims pursuant to Government Code section 855.6;

4.  Immunity from liability for any state law wrongful death or negligence claims pursuant to Government Code section 820.2;

5.  Immunity from liability for any state law wrongful death or negligence claims pursuant to Government Code section 845.6;

6.  Immunity from liability for any state law wrongful death or negligence claims pursuant to Government Code section 856.4;

7.  Immunity from liability for any state law wrongful death or negligence claims pursuant to Government Code section 855.8; and

8.  Immunity from liability for any state law wrongful death or negligence claims pursuant to Government Code section 844.6.

In addition, pursuant to Rule 16 of the Federal Rules of Civil Procedure, at any pretrial conference, the court may take the appropriate action to eliminate frivolous claims or defenses and otherwise consider the appropriateness of summary adjudication under Rule 56.  Fed. R. Civ. P. 16(c)(2)(A), (E), (L), (N) and (P).  Applicable local rules also authorize the court to consider all matters referred to in Rule 16 and other "matters which may be presented concerning parties, process, pleading or proof with a view to simplifying issues and bringing about a just, speedy and inexpensive determination of the matter."  Local Rule 16.1(f)(5)(a) and (c).  Defendants reserve the right to amend/supplement this information once the Court has ruled on the pending MSJ and *Daubert* motions.

## G. Seventh Claim – Violation of Cal. Civil Code § 52.1 against Defendants County of San Diego, William Gore, Jared Anderson, Cesar Cardoza,

**Karl Kamoss, Craig Rembold, Tanner Sherman and Edward Wilt by Plaintiff Estate of Omar Moreno Arroyo**

Plaintiff's Proposed Elements [see **Cal. Civil Code § 52.1**]:

Plaintiff the Estate of Omar Moreno Arroyo claims that defendants County of San Diego, William Gore, Jared Anderson, Cesar Cardoza, Karl Kamoss, Craig Rembold, Tanner Sherman and Edward Wilt intentionally interfered with his civil rights by threats, intimidation or coercion. To establish this claim, plaintiff must prove all of the following:

1. That by threats, intimidation or coercion, defendants interfered with decedent Omar Moreno Arroyo's rights under California state law, the Fourth Amendment or the Fourteenth Amendment;

2. That defendants acted recklessly in depriving decedent Omar Moreno Arroyo of his rights;

3. That decedent Omar Moreno Arroyo was harmed; and

4. That defendants' conduct was a substantial factor in cause the decedent's harm.

Defendants' Proposed Elements [CACI 3066 (2023)]:

1. That by threats, intimidation or coercion, defendants County of San Diego, William Gore, Jared Anderson, Cesar Cardoza, Karl Kamoss, Craig Rembold, Tanner Sherman and/or Edward Wilt caused Omar Moreno Arroyo to reasonably believe that if he exercised his right to receive adequate and immediate medical care for his serious medical needs[5] Defendants would commit violence against him;

2. That defendants County of San Diego, William Gore, Jared Anderson, Cesar Cardoza, Karl Kamoss, Craig Rembold, Tanner Sherman and/or Edward Wilt intended to deprive Omar Moreno Arroyo of his enjoyment of the

---

[5] See, TAC, ¶¶ 481, 483, & 488.

interests protected by the right to receive adequate medical care for his serious medical needs;

3. That Omar Moreno Arroyo was harmed; and

4. That <u>defendants County of San Diego, William Gore, Jared Anderson, Cesar Cardoza, Karl Kamoss, Craig Rembold, Tanner Sherman and/or Edward Wilt's</u> conduct was a substantial factor in causing Omar Moreno Arroyo's harm.

<u>Damages:</u>

Economic damages;

Non-economic damages;

Punitive damages against the individual defendants.

Attorneys' fees, costs, treble damages and civil penalties.

**Defenses:**

Under California Code of Civil Procedure, §377.30 *et seq*)*,* the damages recoverable by the Estate are limited to "the loss or damage that the decedent sustained or incurred before death, including any penalties or punitive or exemplary damages that the decedent would have been entitled to recover had the decedent lived, and do not include damages for pain, suffering, or disfigurement." (*id.* at § 377.34*)* Punitive and treble damages are not recoverable against a public entity. Gov't Code § 818.

Defendants did not breach any duties to Mr. Moreno, complied with the applicable standards of care, and their conduct was not a legal or proximate cause of his death. There is no evidence, or even allegation, that any Defendant intended to violate any of Moreno's constitutional rights. *Hughes v. Rodriguez*, 31 F.4th 1211, 1224 (9th Cir. 2022). No one threated, intimidated or coerced Moreno, and at no

time until he decided to swallow his face mask was Mr. Moreno in need of medical care for any condition.

Mr. Moreno did not need medical care at the time of his arrest. Instead, he was intentionally using a recreational dose of methamphetamine, which was the basis of his alleged symptoms. Moreno was appropriately taken to jail where he was seen by a nurse and his vitals were determined to be within normal range. Mr. Moreno was not denied any needed medical care. These defendants' actions were not the cause of Moreno's injury, and they are entitled to qualified immunity. There is no respondeat superior or vicarious liability claim for Section 1983 claims.

Mr. Moreno also did not need medical care after arriving at the Central Jail until the time he swallowed his face mask. As a result of a use of force incident at about the same time that Mr. Moreno swallowed his mask, it was not discovered that he had done so until it was too late. Even had a subsequent safety check been completed within five minutes of Moreno's fateful act, he would not have been saved. Even if Plaintiffs could show violation of Title 15, it is not a constitutional standard. Plaintiffs may not seek civil damages based solely on purported violations of Title 15. *See Chappell v. Newbarth*, No. 106CV-01378OWW-WMWPC, 2009 WL 1211372, at *9 (E.D. Cal. 2009)

Defendant William Gore did not have any personal involvement in the arrest, incarceration, or death of Moreno. He was not personally involved in the training provided to the deputies involved with Mr. Moreno, nor was he aware of any reason to suspect any training deficiencies of these deputies posed a risk to the constitutional rights of Mr. Moreno. Defendant Gore's conduct was not in any way related to Moreno's death.

Other defenses include:

1. Contributory fault of non-parties;

2. Comparative fault of decedent, Omar Moreno Arroyo;

3. Immunity from liability for any state law wrongful death or negligence claims pursuant to Government Code section 855.6;

4. Immunity from liability for any state law wrongful death or negligence claims pursuant to Government Code section 820.2;

5. Immunity from liability for any state law wrongful death or negligence claims pursuant to Government Code section 845.6;

6. Immunity from liability for any state law wrongful death or negligence claims pursuant to Government Code section 856.4;

7. Immunity from liability for any state law wrongful death or negligence claims pursuant to Government Code section 855.8; and

8. Immunity from liability for any state law wrongful death or negligence claims pursuant to Government Code section 844.6.

In addition, pursuant to Rule 16 of the Federal Rules of Civil Procedure, at any pretrial conference, the court may take the appropriate action to eliminate frivolous claims or defenses and otherwise consider the appropriateness of summary adjudication under Rule 56. Fed. R. Civ. P. 16(c)(2)(A), (E), (L), (N) and (P). Applicable local rules also authorize the court to consider all matters referred to in Rule 16 and other "matters which may be presented concerning parties, process, pleading or proof with a view to simplifying issues and bringing about a just, speedy and inexpensive determination of the matter." Local Rule 16.1(f)(5)(a) and (c). Defendants reserve the right to amend/supplement this information once the Court has ruled on the pending MSJ and *Daubert* motions.

**H. Eighth Claim – Wrongful Death – CCP § 377.60 against all Defendants by Plaintiff Tammy Wilson**

Plaintiff's Proposed Elements [see CACI No. 400 (2024)]:

Plaintiff claims that decedent Omar Moreno Arroyo was harmed by all defendants' negligent conduct. To establish this claim, Plaintiff must prove all of the following:

1. There was a legal duty to use care towards decedent Omar Moreno Arroyo;

2. There was a breach of such legal duty;

3. The breach is the proximate or legal cause of the resulting injury;

4. That decedent Omar Moreno Arroyo <u>died</u>; and

5. The defendants' negligence was a substantial factor in causing Mr. Moreno's harm.

<u>Defendants' Proposed Elements</u>:

1. Defendants <u>County of San Diego, William Gore, Jared Anderson, Cesar Cardoza, Karl Kamoss, Craig Rembold, Tanner Sherman and/or Edward Wilt</u> were negligent or violated the constitutional right <u>of association</u> of plaintiff Tammy Wilson; and

2. Defendants <u>County of San Diego, William Gore, Jared Anderson, Cesar Cardoza, Karl Kamoss, Craig Rembold, Tanner Sherman and/or Edward Wilt's</u> negligence caused Omar Moreno Arroyo's death.

3. <u>Omar Moreno's death cause Tammy Wilson to be injured</u>.

<u>Damages</u>:

Economic damages;

Nominal damages

**Defenses:**

A wrongful death claim is derivative of a negligence claim, and cannot succeed if a negligence claim is dismissed." *Oh v. Teachers Ins. & Annuity Ass'n of Am.*, 53 Cal. App. 5th 71, 82 (2020). Defendants did not breach any duties to Mr. Moreno or Ms. Wilson, complied with the applicable standards of care, and their

conduct was not a legal or proximate cause of his death.  No one threated, intimidated or coerced Omar Moreno Arroyo, and at no time until he decided to swallow his face mask was Mr. Moreno in  need of medical care for any bcondition.

Defendant William Gore did not have any personal involvement in the arrest, incarceration, or death of Omar Moreno Arroyo.  He was not personally involved in the training provided to the deputies involved with Mr. Moreno, nor was he aware of any reason to suspect any training deficiencies of these deputies posed a risk to the constitutional rights of Mr. Moreno.  Defendant Gore's conduct was not in any way related to Omar Moreno Arroyo's death.

Mr. Moreno did not need medical care at the time of his arrest.  Instead, he was intentionally using a recreational dose of methamphetamine, which was the basis of his alleged symptoms.  Moreno was appropriately taken to jail where he was seen by a nurse and his vitals were determined to be within normal range.  Mr. Moreno was not denied any needed medical care.  These defendants' actions were not the cause of Moreno's injury, and they are entitled to qualified immunity.  There is no respondeat superior or vicarious liability claim for Section 1983 claims.

Mr. Moreno also did not need medical care after arriving at the Central Jail until the time he swallowed his face mask.  As a result of a use of force incident at about the same time that Mr. Moreno swallowed his mask, it was not discovered that he had done so until it was too late.  Even had a subsequent safety check been completed within five minutes of Moreno's fateful act, he would not have been saved.

Other defenses include:

1. Contributory fault of non-parties;

2. Comparative fault of decedent, Omar Moreno Arroyo;

3. Immunity from liability for any state law wrongful death or negligence claims pursuant to Government Code section 855.6;

4. Immunity from liability for any state law wrongful death or negligence claims pursuant to Government Code section 820.2;

5. Immunity from liability for any state law wrongful death or negligence claims pursuant to Government Code section 845.6;

6. Immunity from liability for any state law wrongful death or negligence claims pursuant to Government Code section 856.4;

7. Immunity from liability for any state law wrongful death or negligence claims pursuant to Government Code section 855.8; and

8. Immunity from liability for any state law wrongful death or negligence claims pursuant to Government Code section 844.6.

In addition, pursuant to Rule 16 of the Federal Rules of Civil Procedure, at any pretrial conference, the court may take the appropriate action to eliminate frivolous claims or defenses and otherwise consider the appropriateness of summary adjudication under Rule 56. Fed. R. Civ. P. 16(c)(2)(A), (E), (L), (N) and (P). Applicable local rules also authorize the court to consider all matters referred to in Rule 16 and other "matters which may be presented concerning parties, process, pleading or proof with a view to simplifying issues and bringing about a just, speedy and inexpensive determination of the matter." Local Rule 16.1(f)(5)(a) and (c). Defendants reserve the right to amend/supplement this information once the Court has ruled on the pending MSJ and *Daubert* motions.

| **GROUNDS FOR OBJECTION (Federal Rules of Evidence)** |
|---|
| **1. No Objection; Admissibility Stipulated** |
| **2. Irrelevant (FRE § 402)** |
| **3. Hearsay (FRE § 802)** |
| **4. Unduly Time Consuming, Prejudicial, Confusing, or Misleading (FRE § 403)** |
| **5. Character Evidence (FRE § 404)** |

6. **Inadmissible Opinion (FRE §§ 701 *et seq*.)**

7. **Insufficient Foundation (FRE §§ 402, 602, 901) (Relevancy, Personal Knowledge, Authenticity)**

8. **Subsequent Remedial Measures (FRE § 407)**

9. **Best Evidence (FRE § 1002)**

10. **Other (Specify)**

## IV.    WITNESSES EXPECTED TO BE CALLED AT TRIAL

### A. <u>Plaintiffs' Witnesses Expected to Testify</u>

| No. | Witness Name | Description of Testimony | Objections |
|-----|--------------|-------------------------|------------|
| 1. | Tammy Wilson C/O Iredale and Yoo, APC 105 West F Street, Fourth Floor San Diego, CA 92101 | Plaintiff and percipient witness who will testify regarding liability and damages. Plaintiff is decedent Omar Arroyo Moreno's wife. | |
| 2. | Jared Anderson C/O Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Defendant and percipient witness who will testify regarding liability. Anderson is a deputy with the San Diego County Sheriff's Department. Anderson was involved in the arrest of decedent Moreno on January 6, 2021. | |
| 3. | Robert Brunk C/O Office of County Counsel | Defendant and percipient witness who will testify regarding | |

| No. | Witness Name | Description of Testimony | Objections |
|---|---|---|---|
|  | 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | liability. Brunk is a deputy with the San Diego County Sheriff's Department. Brunk was involved in the arrest of decedent Moreno on January 6, 2021. |  |
| 4. | Craig Rembold C/O Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Defendant and percipient witness who will testify regarding liability. Rembold was a deputy with the San Diego County Sheriff's Department. Rembold transported decedent Moreno to the San Diego Central Jail on January 6, 2021. |  |
| 5. | Geo Kakkar C/O Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness who will testify regarding liability. Kakkar was a deputy with the San Diego County Sheriff's Department. Kakkar was responsible for cell checks at the San Diego Central Jail on January 6, 2021. |  |
| 6. | Cesar Cardoza C/O Office of County Counsel 1600 Pacific Hwy, Room 355 | Defendant and percipient witness who will testify regarding liability. Cardoza was the processing sergeant |  |

| No. | Witness Name | Description of Testimony | Objections |
|-----|--------------|-------------------------|------------|
|  | San Diego, CA 92101 | and a supervisor on January 6, 2021. |  |
| 7. | Edward Wilt C/O Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Defendant and percipient witness who will testify regarding liability. Wilt was responsible for a safety check conducted on January 6, 2021. |  |
| 8. | Karl Kamoss C/O Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Defendant and percipient witness who will testify regarding liability. Kamoss was the watch commander on January 6, 2021. |  |
| 9. | Tanner Sherman C/O Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Defendant and percipient witness who will testify regarding liability. Sherman was the CCC deputy on January 6, 2021. |  |
| 10. | James McConnaughey C/O Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness and designated person most knowledgeable in the internal investigation regarding Omar Moreno's death who will testify regarding liability and *Monell*. | 2, 4, 6. See arguments against discussion of IA report [ECF Doc. No. 169] |
| 11. | James Parent | Percipient witness and designated person most |  |

| No. | Witness Name | Description of Testimony | Objections |
|---|---|---|---|
| | C/O Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | knowledgeable regarding certain County policies and procedures who will testify regarding liability and *Monell*. | |
| 12. | Jezly Stewart C/O Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Witness who will testify regarding liability. | |
| 13. | William Gore C/O Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Defendant who will testify regarding Defendant County's policies and procedures and *Monell*. | |
| 14. | M. Cassidy C/O Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness who will testify regarding liability. | |
| 15. | T. Daley C/O Office of County Counsel 1600 Pacific Hwy, Room 355 | Percipient witness who will testify regarding liability. | |

| No. | Witness Name | Description of Testimony | Objections |
|---|---|---|---|
| | San Diego, CA 92101 | | |
| 16. | Deputy Stovall C/O Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness who will testify regarding liability. | 2, 4. Witness not previously disclosed as required by Rule 26; Improper disclosure of witness. FRCP 26(a)(3)(A)(i) |
| 17. | Dave Miller Address unknown | Percipient witness who will testify regarding damages. | |
| 18. | Bernie Gonzalez Address unknown | Percipient witness who will testify regarding damages. | |
| 19. | Augustine Lut Address unknown | Percipient witness who will testify regarding damages. | Witness not previously disclosed as required by FRCP 26(a)(3)(A)(i). Plaintiffs failed to provide any contact information |

Plaintiffs reserve the right to call any witness set forth in sections B, "Defendants' Witnesses."

**B. County Defendants' Witnesses Expected to Testify**

| No. | Witness Name | Description of Testimony | Objections |
|---|---|---|---|
| 1. | Jared Anderson c/o Office of County Counsel 1600 Pacific Hwy., Room 355 San Diego, CA 92101 | Defendant and arresting officer | |
| 2. | Robert Brunk c/o Office of County Counsel 1600 Pacific Hwy., Room 355 San Diego, CA 92101 | Defendant and present for arrest | |
| 3. | Craig Rembold c/o Office of County Counsel 1600 Pacific Hwy., Room 355 San Diego, CA 92101 | Defendant and transporting officer | |
| 4. | Edward Wilt c/o Office of County Counsel 1600 Pacific Hwy., Room 355 San Diego, CA 92101 | Defendant | |
| 5. | Emily Lymburn c/o Office of County Counsel | Percipient witness; was intake nurse for Moreno's booking | |

| No. | Witness Name | Description of Testimony | Objections |
|---|---|---|---|
|  | 1600 Pacific Hwy., Room 355 San Diego, CA 92101 |  |  |
| 6. | Baron Noah c/o Office of County Counsel 1600 Pacific Hwy., Room 355 San Diego, CA 92101 | Percipient witness: Homicide detective |  |
| 7. | Mason Cassidy c/o Office of County Counsel 1600 Pacific Hwy., Room 355 San Diego, CA 92101 | Percipient witness re Moreno's mandown incident and condition |  |
| 8. | Tyler Daley c/o Office of County Counsel 1600 Pacific Hwy., Room 355 San Diego, CA 92101 | Percipient witness re Moreno's mandown incident and condition |  |
| 9. | EMS Paramedic Sutter Contact Information Unknown | Percipient witness re Moreno's mandown incident and condition | 10 – Witness not previously disclosed per Rule 26. |
| 10. | EMS Paramedic Rawlings | Percipient witness re Moreno's mandown incident and condition | 10 – Witness not previously |

| No. | Witness Name | Description of Testimony | Objections |
|---|---|---|---|
|  | Contact Information Unknown |  | disclosed per Rule 26. |
| 11. | EMS Paramedic Zetsch Contact Information Unknown | Percipient witness re Moreno's mandown incident and condition | 10 – Witness not previously disclosed per Rule 26. |
| 12. | EMS Paramedic Brichart Contact Information Unknown | Percipient witness re Moreno's mandown incident and condition | 10 – Witness not previously disclosed per Rule 26. |
| 13. | EMS Paramedic Juvinall Contact Information Unknown | Percipient witness re Moreno's mandown incident and condition | 10 – Witness not previously disclosed per Rule 26. |
| 14. | Milind Parikh, D.O. Cardiovascular Institute of San Diego, Inc. 955 Boardwalk, Suite 100 San Marcos, A 92078 | Percipient witness: Moreno's cardiologist |  |
| 15. | Ray Gary (ME toxicologist) c/o Office of County Counsel Medical Examiner's Office 5570 Overland Avenue, Suite 101 San Diego, CA 92123 | Percipient witness re Moreno's post-mortem toxicology report | 10 – Witness not previously disclosed per Rule 26. |

| No. | Witness Name | Description of Testimony | Objections |
|---|---|---|---|
| 16. | Alexis Schroeder<br>Bio-Tox Laboratories<br>1965 Chicago Avenue, Suite C, Riverside, CA 92507 | Percipient witness re Moreno's ante-mortem toxicology report | 10 – Witness not previously disclosed per Rule 26. |
| 17. | Ola Bawardi<br>Bio-Tox Laboratories<br>1965 Chicago Avenue, Suite C, Riverside, CA 92507 | Percipient witness re Moreno's ante-mortem toxicology report | 10 – Witness not previously disclosed per Rule 26. |
| 18. | Alexander Misenar | Percipient witness: 911 dispatcher | 10 – Witness not previously disclosed per Rule 26. |
| 19. | Greg Pizarro, MD<br>c/o Office of County Counsel<br>Medical Examiner's Office<br>5570 Overland Avenue, Suite 101<br>San Diego, CA 92123 | Non-retained expert witness: medical examiner for Moreno's autopsy; Re: Omar Moreno Arroyo's cause and manner of death, contributing factors, emergency trauma care, the medical examination of Mr. Arroyo performed after his death, toxicology screening and/or any and all issues raised by Plaintiffs' allegations that are within his areas of expertise as a | |

| No. | Witness Name | Description of Testimony | Objections |
|---|---|---|---|
| | | medical doctor specializing in pathology. | |
| 20. | Tammy Wilson c/o Iredale and Yoo, APC 105 West F Street, Fourth Floor San Diego, CA 92101 | Plaintiff: liability and damages | |
| 21. | Joe Cagayao c/o Office of County Counsel 1600 Pacific Hwy., Room 355 San Diego, CA 92101 | Percipient witness re Moreno's mandown incident and condition | |
| 22. | Chalit Caranto c/o Office of County Counsel 1600 Pacific Hwy., Room 355 San Diego, CA 92101 | Percipient witness re Moreno's mandown incident and condition | |
| 23. | Adaeze Okoh c/o Office of County Counsel 1600 Pacific Hwy., Room 355 San Diego, CA 92101 | Percipient witness re Moreno's mandown incident and condition | |

| No. | Witness Name | Description of Testimony | Objections |
|---|---|---|---|
| 24. | Krizel Santos c/o Office of County Counsel 1600 Pacific Hwy., Room 355 San Diego, CA 92101 | Percipient witness re Moreno's mandown incident and condition | |

Defendants reserve the right to call any witness set forth in sections IV.A and VI.A.

## V.  EXPERT WITNESSES EXPECTED TO TESTIFY AT TRIAL

### A. Plaintiffs' Expert Witnesses Who Will Be Called

| No. | Expert Witness Name | Description of Testimony | Objections |
|---|---|---|---|
| 1. | Gary Raney C/O Iredale and Yoo, APC 105 West F Street, Fourth Floor San Diego, CA 92101 | Plaintiffs' retained expert. Gary Raney is an expert in jail policy and practice, specializing in the prevention of deaths. Plaintiffs anticipate Mr. Raney will provide testimony regarding the following: jail policies and practices, including on cell checks and the booking and release procedures, jail operations, training, discipline and supervision of corrections staff. | See *Daubert* motion [ECF Doc. No. 148] |

| No. | Expert Witness Name | Description of Testimony | Objections |
|---|---|---|---|
| 2. | Roger Clark C/O Iredale and Yoo, APC 105 West F Street, Fourth Floor San Diego, CA 92101 | Plaintiffs' retained expert. Plaintiffs anticipate Mr. Clark will provide testimony on the proper police tactics, practices and procedures on responding to initial calls, specifically focusing on the appropriate response to 5150 calls and the propriety or impropriety of the actions of the defendants in this case. Mr. Clark will also testify regarding proper booking procedures. | See *Daubert* motion [ECF Doc. No. 147] |
| 3. | Shaun Carstairs, M.D. C/O Iredale and Yoo, APC 105 West F Street, Fourth Floor San Diego, CA 92101 | Plaintiffs' retained expert. Dr. Carstairs is an emergency physician and medical toxicologist. Plaintiffs anticipate Dr. Carstairs will provide expert testimony regarding the symptomology, presentation and treatment of an individual under the influence of methamphetamine and | See *Daubert* motion [ECF Doc. No. 146] |

| No. | Expert Witness Name | Description of Testimony | Objections |
|-----|---------------------|-------------------------|------------|
| | | causation. Dr. Carstairs will also provide testimony regarding the proper response of emergency personnel and treatment of a patient in medical emergencies. | |

**B. County Defendants' Expert Witnesses Who Will Be Called**

| No. | Expert Witness Name | Description of Testimony | Objections |
|-----|---------------------|-------------------------|------------|
| 1. | Claire Teske, RN c/o Office of County Counsel 1600 Pacific Hwy., Room 355 San Diego, CA 92101 | Defendants' retained expert. Defendants anticipate Ms. Teske will provide testimony regarding the jail's medical and mental health treatment of Mr. Moreno. | **Irrelevant (FRE § 402) Unduly Confusing, or Misleading (FRE § 403) There is no nursing defendant remaining in the case** |
| 2. | Dominick Addario, MD c/o Office of County Counsel 1600 Pacific Hwy., Room 355 San Diego, CA 92101 | Defendants' retained expert. Defendants anticipate Dr. Addario will provide testimony regarding Mr. Moreno's mental | |

| No. | Expert Witness Name | Description of Testimony | Objections |
|---|---|---|---|
| | | condition during the time of his arrest and incarceration, and the appropriateness of his housing while incarcerated. | |
| 3. | Richard Friedman, MD c/o Office of County Counsel 1600 Pacific Hwy., Room 355 San Diego, CA 92101 | Defendants' retained expert. Defendants anticipate Dr. Friedman will provide testimony regarding Mr. Moreno's alleged heart condition and its relation to his death by asphyxiation. | |
| 4. | Michael Vredenburgh c/o Office of County Counsel 1600 Pacific Hwy., Room 355 San Diego, CA 92101 | Defendants' retained expert. Defendants anticipate Mr. Vredenburgh will provide testimony regarding the timing factors relating to the 1153 checks and Mr. Moreno's death and additional safeguards within the holding cell. | |
| 5. | Robert Fonzi c/o Office of County Counsel | Defendants' retained expert. Defendants anticipate Mr. Fonzi will provide testimony | |

| No. | Expert Witness Name | Description of Testimony | Objections |
|---|---|---|---|
| | 1600 Pacific Hwy., Room 355<br>San Diego, CA 92101 | concerning the applicable jail policies, procedures and training and Defendants' compliance with same. | |
| 6. | Binh Ly, MD<br>c/o Office of County Counsel<br>1600 Pacific Hwy., Room 355<br>San Diego, CA 92101 | Defendants' retained expert. Defendants anticipate Dr. Ly will provide testimony regarding Mr. Moreno's drug use and the effects of same. | |
| 7. | Gary Raney<br>c/o Iredale and Yoo, APC<br>105 West F Street, Fourth Floor<br>San Diego, CA 92101 | Plaintiffs' retained expert. | |
| 8. | Roger Clark<br>c/o Iredale and Yoo, APC<br>105 West F Street, Fourth Floor<br>San Diego, CA 92101 | Plaintiffs' retained expert. | |
| 9. | Shaun Carstairs, MD<br>c/o Iredale and Yoo, APC<br>105 West F Street, Fourth Floor<br>San Diego, CA 92101 | Plaintiffs' retained expert. | |

| No. | Expert Witness Name | Description of Testimony | Objections |
|---|---|---|---|
| 10. | Karl Kamoss<br>C/O Office of County Counsel<br>1600 Pacific Hwy, Room 355<br>San Diego, CA 92101 | Defendant and Non-retained expert regarding the policies, procedures, and training relating to booking, intake, and 1153 cells checks as they relate to Plaintiffs' claims. | |

## VI. <u>WITNESSES WHO MAY BE CALLED IF THE NEED ARISES</u>

### A. <u>Witnesses Plaintiffs May Call</u>

The parties incorporate by reference, as if fully set forth herein, all witnesses identified in the parties' pre-trial disclosures and expert witness disclosures, including all witnesses the parties intend to call and may call.

| No. | Witness Name | Description of Testimony | Objections |
|---|---|---|---|
| 1. | Binh T. Ly, M.D.<br>C/O Office of County Counsel<br>1600 Pacific Hwy, Room 355<br>San Diego, CA 92101 | Defendants' retained expert. | |
| 2. | Dominick Addario, M.D.<br>C/O Office of County Counsel | Defendants' retained expert. | |

| No. | Witness Name | Description of Testimony | Objections |
|---|---|---|---|
|  | 1600 Pacific Hwy, Room 355 San Diego, CA 92101 |  |  |
| 3. | Richard Friedman, M.D. C/O Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Defendants' retained expert. |  |
| 4. | Michael Vredenburgh, M.S. C/O Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Defendants' retained expert. |  |
| 5. | Robert Fonzi C/O Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Defendants' retained expert. |  |
| 6. | Brendan Bourgeois C/O Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Defendants' non-retained expert regarding body scanning policies and procedures. | 2, 4 |
| 7. | Greg Pizarro, M.D. C/O Office of County Counsel | Non-retained expert and deputy medical examiner who may |  |

| No. | Witness Name | Description of Testimony | Objections |
|---|---|---|---|
| | 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | testify regarding the autopsy and cause of death of Mr. Moreno. | |
| 8. | Ray Gary C/O Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Non-retained expert and toxicologist who may testify regarding the autopsy and cause of death of Mr. Moreno. | |
| 9. | Glenn N. Wagner, D.O. C/O Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Non-retained expert and chief medical examiner who may testify regarding the autopsy and cause of death of Mr. Moreno. | |
| 10. | Steven C. Campman, M.D. C/O Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Non-retained expert and interim chief medical examiner who may testify regarding the autopsy and cause of death of Mr. Moreno. | |
| 11. | Emily Lymburn C/O Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness who may testify regarding liability. | |
| 12. | Brendan Bourgeouis C/O Office of County Counsel | Percipient witness and designated person most knowledgeable regarding certain | Repeated designation, 2, 4 |

| No. | Witness Name | Description of Testimony | Objections |
|---|---|---|---|
|  | 1600 Pacific Hwy, Room 355 S an Diego, CA 92101 | County policies and procedures who may testify regarding liability and *Monell*. |  |
| 13. | Kenneth Carver Address unknown. | Percipient witness, inmate at the Central Jail, who may testify regarding liability and damages. |  |
| 14. | Randall White Address unknown. | Percipient witness, inmate at the Central Jail, who may testify regarding liability and damages. |  |
| 15. | Steven Davis Address unknown. | Percipient witness, inmate at the Central Jail, who may testify regarding liability and damages. |  |
| 16. | Emmalei Juvinal EMT, address unknown | Percipient witness who may testify regarding liability. | Witness not previously disclosed as required by FRCP 26(a)(3)(A)(i) |
| 17. | Robert Brilhart Paramedic, address unknown | Percipient witness who may testify regarding liability. | Witness not previously disclosed as required by FRCP 26(a)(3)(A)(i) |

| No. | Witness Name | Description of Testimony | Objections |
|---|---|---|---|
| 18. | Jason West Firefighter, address unknown | Percipient witness who may testify regarding liability. | Witness not previously disclosed as required by FRCP 26(a)(3)(A)(i) |
| 19. | Kyle Sutter Firefighter/paramedic, address unknown | Percipient witness who may testify regarding liability. | Witness not previously disclosed as required by FRCP 26(a)(3)(A)(i) |
| 20. | Kyle Zetsch Firefighter, address unknown | Percipient witness who may testify regarding liability. | Witness not previously disclosed as required by FRCP 26(a)(3)(A)(i) |
| 21. | Lawrence Rawlings Captain/paramedic, address unknown | Percipient witness who may testify regarding liability. | |
| 22. | Detective Ramirez C/O Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness who may testify regarding liability. | |
| 23. | M. Hefty Forensic Evidence Technician C/O Office of County Counsel | Percipient witness who may testify regarding liability. | |

| No. | Witness Name | Description of Testimony | Objections |
|---|---|---|---|
| | 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | | |
| 24. | Custodian of Records for UCSD 200 W. Harbor Drive, San Diego, CA 92103 | The Custodian of Records may testify as to the authenticity of UCSD medical records. | |
| 25. | S. Nelson Forensic Autopsy Specialist C/O Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness who may testify regarding liability. | Witness not previously disclosed as required by FRCP 26(a)(3)(A)(i) |
| 26. | Detective B. Noah C/O Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness who may testify regarding liability. | |
| 27. | C. Caranto C/O Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness who may testify regarding liability. | |
| 28. | Adaeze Okoh, R.N. C/O Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness who may testify regarding liability. | Witness not previously disclosed as required by FRCP 26(a)(3)(A)(i) |

| No. | Witness Name | Description of Testimony | Objections |
|---|---|---|---|
| 29. | Bethany Higgins, LVN C/O Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness who may testify regarding liability. | Witness not previously disclosed as required by FRCP 26(a)(3)(A)(i) |
| 30. | Jamee Barrera C/O Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness who may testify regarding liability. | Witness not previously disclosed as required by FRCP 26(a)(3)(A)(i) |
| 31. | Echon Carina C/O Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness who may testify regarding liability. | Witness not previously disclosed as required by FRCP 26(a)(3)(A)(i) |
| 32. | Durola Estela C/O Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness who may testify regarding liability. | Witness not previously disclosed as required by FRCP 26(a)(3)(A)(i) |
| 33. | Dennis Eusebio C/O Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness who may testify regarding liability. | Witness not previously disclosed as required by FRCP 26(a)(3)(A)(i) |

| No. | Witness Name | Description of Testimony | Objections |
|---|---|---|---|
| 34. | Joe Cagayao C/O Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness who may testify regarding liability. | Witness not previously disclosed as required by FRCP 26(a)(3)(A)(i) |
| 35. | Krizel Santos C/O Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness who may testify regarding liability. | Witness not previously disclosed as required by FRCP 26(a)(3)(A)(i) |

**B. Witnesses County Defendants May Call**

| No. | Witness Name | Description of Testimony | Objections |
|---|---|---|---|
| 1. | Geo Kakkar c/o Office of County Counsel 1600 Pacific Hwy., Room 355 San Diego, CA 92101 | Percipient witness re liability | |
| 2. | Tanner Sherman c/o Office of County Counsel 1600 Pacific Hwy., Room 355 San Diego, CA 92101 | Defendant | |

| No. | Witness Name | Description of Testimony | Objections |
|---|---|---|---|
| 3. | Steven C. Campman, M.D. C/O Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Non-retained expert and interim chief medical examiner who may testify regarding cause of death, contributing factors, emergency trauma care, the medical examination of Mr. Arroyo performed after his death, toxicology screening and/or any and all issues raised by Plaintiffs' allegations that are within his areas of expertise as a medical doctor specializing in pathology. | |
| 4. | Ray Gary C/O Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Toxicologist with the Medical Examiner's Office; re: Omar Moreno Arroyo's toxicology screening and report and/or any and all issues raised by Plaintiffs' allegations that are within his areas of expertise as a toxicologist. | |
| 5. | Cesar Cardoza | Defendant | |

| No. | Witness Name | Description of Testimony | Objections |
|---|---|---|---|
| | c/o Office of County Counsel 1600 Pacific Hwy., Room 355 San Diego, CA 92101 | | |
| 6. | Estela Durola c/o Office of County Counsel 1600 Pacific Hwy., Room 355 San Diego, CA 92101 | May testify as to liability issues. | |
| 7. | Carina Echon c/o Office of County Counsel 1600 Pacific Hwy., Room 355 San Diego, CA 92101 | May testify as to liability issues. | |
| 8. | Denise Eusebio c/o Office of County Counsel 1600 Pacific Hwy., Room 355 San Diego, CA 92101 | May testify as to liability issues. | |
| 9. | Eric Garcia c/o Office of County Counsel 1600 Pacific Hwy., Room 355 | May testify as to liability issues. | |

| No. | Witness Name | Description of Testimony | Objections |
|---|---|---|---|
|  | San Diego, CA 92101 |  |  |
| 10. | Michelle Hefty c/o Office of County Counsel 1600 Pacific Hwy., Room 355 San Diego, CA 92101 | May testify as to liability issues. |  |
| 11. | Bethany Higgins c/o Office of County Counsel 1600 Pacific Hwy., Room 355 San Diego, CA 92101 | May testify as to liability issues. |  |
| 12. | Henry Horner 4295 Highway 78 Santa Ysabel, CA 92070 | May testify as to liability issues. | 2, 4, 5 |
| 13. | Sabine Horner 4295 Highway 78 Santa Ysabel, CA 92070 | May testify as to liability issues. | 2, 4, 5 |
| 14. | Chase Meyer c/o Office of County Counsel 1600 Pacific Hwy., Room 355 San Diego, CA 92101 | May testify as to liability issues. |  |

| No. | Witness Name | Description of Testimony | Objections |
|---|---|---|---|
| 15. | Scott Morrison c/o Office of County Counsel 1600 Pacific Hwy., Room 355 San Diego, CA 92101 | May testify as to liability issues. | |
| 16. | C. Ramirez c/o Office of County Counsel 1600 Pacific Hwy., Room 355 San Diego, CA 92101 | May testify as to liability issues. | |
| 17. | Jezly Stewart c/o Office of County Counsel 1600 Pacific Hwy., Room 355 San Diego, CA 92101 | May testify as to liability issues. | |
| 18. | A. Yancy c/o Office of County Counsel 1600 Pacific Hwy., Room 355 San Diego, CA 92101 | May testify as to liability issues. | |
| 19. | W. Zarcone c/o Office of County Counsel | May testify as to liability issues. | |

| No. | Witness Name | Description of Testimony | Objections |
|-----|--------------|-------------------------|------------|
| | 1600 Pacific Hwy., Room 355 San Diego, CA 92101 | | |
| 20. | Aaron Brown c/o Office of County Counsel 1600 Pacific Hwy., Room 355 San Diego, CA 92101 | May testify as to liability issues. | 2, 4, 5, 10 – Witness not previously disclosed per Rule 26. |
| 21. | Joshua Stone c/o Office of County Counsel 1600 Pacific Hwy., Room 355 San Diego, CA 92101 | May testify as to liability and damages issues. | 2, 4, 5, 10 – Witness not previously disclosed per Rule 26. |
| 22. | Scott Paris c/o Office of County Counsel 1600 Pacific Hwy., Room 355 San Diego, CA 92101 | May testify as to liability issues. | 2, 4, 5, 10 – Witness not previously disclosed per Rule 26. |
| 23. | Deputy D. Knight c/o Office of County Counsel 1600 Pacific Hwy., Room 355 San Diego, CA 92101 | May testify as to liability and damages issues. | 2, 4, 5, 10 – Witness not previously disclosed per Rule 26. |

| No. | Witness Name | Description of Testimony | Objections |
|---|---|---|---|
| 24. | Sgt. Keith Griggs c/o Office of County Counsel 1600 Pacific Hwy., Room 355 San Diego, CA 92101 | May testify as to liability and damages issues. | 2, 4, 5, 10 – Witness not previously disclosed per Rule 26. |
| 25. | Deputy Logan c/o Office of County Counsel 1600 Pacific Hwy., Room 355 San Diego, CA 92101 | May testify as to liability and damages issues. | 2, 4, 5, 10 – Witness not previously disclosed per Rule 26. |
| 26. | Detective L. Wells c/o Office of County Counsel 1600 Pacific Hwy., Room 355 San Diego, CA 92101 | May testify as to liability and damages issues. | 2, 4, 5, 10 – Witness not previously disclosed per Rule 26. |

## VII.  EXHIBITS

### A. Exhibits Plaintiffs Expect to be Offered at Trial

| Number | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| 1. | | | Video footage of Omar Moreno Arroyo in the Central Jail, (CSD000001- | |

| Number | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| | | | CSD000003; CSD000005-CSD000025) | |
| 2. | | | Time stamp photo (CSD000004) | |
| 3. | | | Background Event Chronology (CSD000056) | |
| 4. | | | Omar Moreno's Medical Clearance (CSD000124-000152) | |
| 5. | | | Add/Drop Form (CSD000153) | |
| 6. | | | Background Event Chronology (CSD000154) | |
| 7. | | | Incident Detail Report (CSD000155-CSD000158) | |
| 8. | | | Inmate Death Notification (CSD000159) | |
| 9. | | | CSI Scene Photos (CSD000160-000326) | Photos are designated as confidential pursuant to the Stipulated Protective |

| **Number** | **Date Marked** | **Date Admitted** | **Description** | **Objections** |
|---|---|---|---|---|
| | | | | Order in this case [ECF Doc. No. 28.] |
| 10. | | | Digital Photos: X-rays (CSD000327-CSD000331) | 2, 4, 10 – body scan no longer at issue |
| 11. | | | Detective Meyer Report (CSD000333-334) | |
| 12. | | | Detective Paris Report (CSD000335-336) | |
| 13. | | | Autopsy Report by B. Noah (CSD000337-CSD000341) | |
| 14. | | | Brief and Scene Report by E. Garcia (CSD000342-000352) | |
| 15. | | | Garcia Follow-up Investigative Report (CSD000353) | |
| 16. | | | Bailey Follow-up Investigative Report (CSD000354-355) | |
| 17. | | | Garcia Follow-up Investigative Report (CSD000356-384) | |
| 18. | | | Noah Follow-up Investigative Reports (CSD000385-388) | |
| 19. | | | Ramirez Follow-up Investigative Report (CSD000389-391) | |

| Number | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| 20. | | | Deputy Allen's Incident Report (CSD000392-395) | |
| 21. | | | Deputy Cross's Officer Report (CSD000396-397) | |
| 22. | | | Investigative Narrative (CSD000398-410) | |
| 23. | | | Deputy Anderson's Report (CSD000411-000419) | |
| 24. | | | Deputy Rembold's Report (CSD000420-CSD000421) | |
| 25. | | | Sergeant Brunk's Report (CSD000422-000423) | |
| 26. | | | Deputy Kakkar's Report (CSD000424-000426) | |
| 27. | | | Deputy McGarvey's Report (CSD000427-000428) | |
| 28. | | | Deputy Caranto's Report (CSD000429-000431) | |
| 29. | | | Deputy Wilt's Report (CSD000432-000434) | |
| 30. | | | Deputy Cassidy's Report (CSD000435-000437) | |
| 31. | | | Deputy Daley's Report | |

| Number | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| | | | (CSD000438-000440) | |
| 32. | | | Statement of Bethany Higgins (CSD000441-442) | FRE 801, 802 |
| 33. | | | Statement of Adaeze Okoh (CSD000443-444) | FRE 801, 802 |
| 34. | | | Statement of Jamee Barrera (CSD000445-447) | FRE 801, 802 |
| 35. | | | Statement of Carina Echon (CSD000448-449) | FRE 801, 802 |
| 36. | | | Statement of Durola Estela (CSD000450-451) | FRE 801, 802 |
| 37. | | | Statement of Dennis Eusebio (CSD000452-453) | FRE 801, 802 |
| 38. | | | Statement of Joe Cagayao (CSD000454-455) | FRE 801, 802 |
| 39. | | | Statement of Krizel Santos (CSD000456-458) | FRE 801, 802 |
| 40. | | | Statement of Tammy Wilson (CSD000459-460) | |
| 41. | | | Deputy Anderson body worn camera (CSD000673) | |

| **Number** | **Date Marked** | **Date Admitted** | **Description** | **Objections** |
|---|---|---|---|---|
| 42. | | | Sergeant Brunk body worn camera (CSD000675) | |
| 43. | | | Deputy Rembold body worn camera (CSD000676) | |
| 44. | | | Case Evidence Item Report (CSD000678-CSD000681) | |
| 45. | | | Medical Examiner File (CSD000682-CSD000735) | |
| 46. | | | CAD Dispatch (CSD000743-CSD000747) | FRE 801, 802 |
| 47. | | | Deputy Staffing (CSD000809) | |
| 48. | | | Deputy Staffing (CSD000810) | |
| 49. | | | San Diego County Sheriff's Department Policy E.2.1 Receiving Screening (CSD001212-001219) | |
| 50. | | | Internal Affairs Report (CSD002387-2396) | 2, See arguments against discussion of IA report [ECF Doc. No. 169] |
| 51. | | | Emergency Booking Acceptance Criteria (CSD002372-2373) | |

| Number | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| 52. | | | Craig Rembold Email Narrative (CSD002385-2386) | |
| 53. | | | Internal Affairs Case Investigation File (CSD000461-000593; 610-612) | 2, See arguments against discussion of IA report [ECF Doc. No. 169] |
| 54. | | | Audio File Craig Rembold IA Interview (CSD000601) | FRE 801, 802, see arguments against discussion of IA report [ECF Doc. No. 169] |
| 55. | | | Transcript of Craig Rembold IA Interview | FRE 801, 802, see arguments against discussion of IA report [ECF Doc. No. 169] |
| 56. | | | Audio File Edward Wilt IA Interview (CSD000602) | FRE 801, 802, see arguments against discussion of IA report [ECF Doc. No. 169] |
| 57. | | | Transcript of Edward Wilt IA Interview | FRE 801, 802, see arguments against discussion of IA report [ECF Doc. No. 169] |

| **Number** | **Date Marked** | **Date Admitted** | **Description** | **Objections** |
|---|---|---|---|---|
| 58. | | | Audio File Jezly Stewart IA Interview (CSD000605) | FRE 801, 802, see arguments against discussion of IA report [ECF Doc. No. 169] |
| 59. | | | Transcript of Jezly Stewart IA Interview | FRE 801, 802, see arguments against discussion of IA report [ECF Doc. No. 169] |
| 60. | | | Audio File Greg Pizarro IA Interview (CSD000606) | FRE 801, 802, see arguments against discussion of IA report [ECF Doc. No. 169] |
| 61. | | | Transcript of Greg Pizarro IA Interview | FRE 801, 802, see arguments against discussion of IA report [ECF Doc. No. 169] |
| 62. | | | Audio File Craig Rembold IA Hearing (CSD000608) | FRE 801, 802, see arguments against discussion of IA report [ECF Doc. No. 169] |

| Number | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| 63. | | | Transcript of Craig Rembold IA Hearing | FRE 801, 802, see arguments against discussion of IA report [ECF Doc. No. 169] |
| 64. | | | Audio File Jared Anderson IA Interview (CSD000609) | FRE 801, 802, see arguments against discussion of IA report [ECF Doc. No. 169] |
| 65. | | | Transcript of Jared Anderson IA interview | FRE 801, 802, see arguments against discussion of IA report [ECF Doc. No. 169] |
| 66. | | | Line-Up Training re: Inmate Search Procedures (CSD002481-002485) | |
| 67. | | | 911 Audio (CSD002685) | |
| 68. | | | Dispatch Audio (CSD002686) | |
| 69. | | | Line-Up Training re: Safety Checks (CSD002688-002689) | |
| 70. | | | Safety Checks Training Powerpoint (CSD002690- | |

| Number | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| | | | 002703) | |
| 71. | | | Lesson Plan re: "Counts" (CSD002721-002729) | |
| 72. | | | Lesson Plan re: Safety Checks (CSD002740-2756) | |
| 73. | | | Class 6.1 (CSD002757- 2777) | |
| 74. | | | Class 6.2 (CSD002778-2787) | |
| 75. | | | Class 6.3 (CSD002788-2799) | |
| 76. | | | Booking Procedures Powerpoint (CSD002800-2814) | |
| 77. | | | PERT Tips 2.2018 (CSD002826-2827) | |
| 78. | | | San Diego County Sheriff's Department Policy I.64 re: Safety Checks (CSD002818-002820) | |
| 79. | | | California State Auditor Report (CSD002834-002959) | FRE 401, 402, 403, 801, 802 |
| 80. | | | Citizens' Law Enforcement Review Board Meeting | FRE 401, 402, 403, 702, 801, 802, see arguments |

| Number | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| | | | Agenda (CSD002960-2076) | against admission or discussion of CLERB [ECF Doc. No. 170], see evidentiary objections to CLERB reports [ECF Doc. No. 171] |
| 81. | | | Citizens' Law Enforcement Review Board re: investigation of Omar Moreno's death (CSD002977-2988) | FRE 401, 402, 403, 702, 801, 802, see arguments against admission or discussion of CLERB [ECF Doc. No. 170], see evidentiary objections to CLERB reports [ECF Doc. No. 171] |
| 82. | | | Autopsy Photos (CSD002989-3135) | Photos are designated as confidential pursuant to the Stipulated Protective |

| **Number** | **Date Marked** | **Date Admitted** | **Description** | **Objections** |
|---|---|---|---|---|
| | | | | Order in this case [ECF Doc. No. 28.] |
| 83. | | | Area Activity Logs for the year prior to Omar's death (CSD008328-8853) | |
| 84. | | | San Diego County Sheriff's Department Safety Check Green Sheet (CSD002380-2384) | |
| 85. | | | Area Activity Log 1.6.21 (CSD002374-002379) | |
| 86. | | | Supervisor's Log Review - Cardoza (CSD003246) | |
| 87. | | | Email chain between staff titled "Hoarding Psych Meds" (CSD007797-7799) | FRE 401, 402, 403, 801, 802 |
| 88. | | | SDCJ Packet of Arroyo (CSD001243-1261) | |
| 89. | | | Autopsy Photos (CSD002989-003114) | |
| 90. | | | Second Floor Map (CSD003131) | The map designated as confidential pursuant to the |

| Number | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| | | | | Stipulated Protective Order in this case for jail safety and security reasons. [ECF Doc. No. 28.] |
| 91. | | | Jezly Stewart Statement to Homicide (CSD003134) | |
| 92. | | | Citizens' Law Enforcement Review Board re: investigation of Lazaro Alvarez's death | FRE 401, 402, 403, 702, 801, 802, see arguments against admission or discussion of CLERB [ECF Doc. No. 170], see evidentiary objections to CLERB reports [ECF Doc. No. 171] |
| 93. | | | Citizens' Law Enforcement Review Board re: investigation of Lazaro Alvarez's death | FRE 401, 402, 403, 702, 801, 802, see arguments against admission or |

| Number | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| | | | | discussion of CLERB [ECF Doc. No. 170], see evidentiary objections to CLERB reports [ECF Doc. No. 171] |
| 94. | | | Citizens' Law Enforcement Review Board re: investigation of Saxon Rodriguez's death | FRE 401, 402, 403, 702, 801, 802, see arguments against admission or discussion of CLERB [ECF Doc. No. 170], see evidentiary objections to CLERB reports [ECF Doc. No. 171] |
| 95. | | | Citizens' Law Enforcement Review Board re: investigation of Bernard Victorianne's death | FRE 401, 402, 403, 702, 801, 802, see arguments against admission or discussion of CLERB |

| Number | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| | | | | [ECF Doc. No. 170], see evidentiary objections to CLERB reports [ECF Doc. No. 171] |
| 96. | | | Citizens' Law Enforcement Review Board re: investigation of Blake Wilson's death | FRE 401, 402, 403, 702, 801, 802, see arguments against admission or discussion of CLERB [ECF Doc. No. 170], see evidentiary objections to CLERB reports [ECF Doc. No. 171] |
| 97. | | | Citizens' Law Enforcement Review Board re: investigation of Jerry Borunda's death | FRE 401, 402, 403, 702, 801, 802, see arguments against admission or discussion of CLERB [ECF Doc. No. 170], see |

| Number | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| | | | | evidentiary objections to CLERB reports [ECF Doc. No. 171] |
| 98. | | | Omar Moreno's Online Memorial (PLAINTIFF 00004-10) | 2, 4, 7 |
| 99. | | | Omar Moreno Cremation Services Bill and Funeral Documents (PLAINTIFF 00012-18) | |
| 100. | | | Tammy Wilson and Omar Moreno Marriage Certificate (PLAINTIFF 00130) | |
| 101. | | | Omar Moreno Death Certificate (PLAINTIFF 00131-132) | |
| 102. | | | Omar Moreno Toxicology Report (PLAINTIFF 00145) | |
| 103. | | | Notes and cards from Omar to Tammy (PLAINTIFF 00150-176) | |

| Number | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| 104. | | | Photos of Omar and Tammy (PLAINTIFF 00177-249) | |
| 105. | | | Audio file of homicide interview with inmate Kenneth Carver (CSD000043) | FRE 801, 802 |
| 106. | | | Transcript of interview with Kenneth Carver | FRE 801, 802 |
| 107. | | | Audio file of homicide interview with inmate Randall White (CSD000044) | FRE 801, 802 |
| 108. | | | Transcript of interview with Randall White | FRE 801, 802 |
| 109. | | | Audio file of homicide interview with inmate Steve Davis (CSD000045) | FRE 801, 802 |
| 110. | | | Transcript of interview with Steve Davis | FRE 801, 802 |
| 111. | | | Audio files of homicide interview with Jamee Barrera (CSD000046, 59) | FRE 801, 802 |
| 112. | | | Transcripts of interviews with Jamee Barrera | FRE 801, 802 |
| 113. | | | Audio files of homicide interview with Joe Cagayao (CSD000047, 60) | FRE 801, 802 |

| Number | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| 114. | | | Transcripts of interviews with Joe Cagayao | FRE 801, 802 |
| 115. | | | Audio files of homicide interview with Geo Kakkar (CSD000048, 63) | FRE 801, 802 |
| 116. | | | Transcripts of interviews with Geo Kakkar | FRE 801, 802 |
| 117. | | | Audio files of homicide interview with Estela Durola (CSD000050, 67) | FRE 801, 802 |
| 118. | | | Transcripts of interviews with Estela Durola | FRE 801, 802 |
| 119. | | | Audio files of homicide interview with Carina Echon (CSD000051, 68) | FRE 801, 802 |
| 120. | | | Transcripts of interviews with Carina Echon | FRE 801, 802 |
| 121. | | | Audio files of homicide interview with Dennis Eusebio (CSD000052, 69) | FRE 801, 802 |
| 122. | | | Transcripts of interviews with Dennis Eusebio | FRE 801, 802 |

| Number | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| 123. | | | Audio files of homicide interview with Bethany Higgins (CSD000053, 70) | FRE 801, 802 |
| 124. | | | Transcripts of interviews with Bethany Higgins | FRE 801, 802 |
| 125. | | | Audio files of homicide interview with Adaeze Okoh (CSD000054, 71) | FRE 801, 802 |
| 126. | | | Transcripts of interviews with Adaeze Okoh | FRE 801, 802 |
| 127. | | | Audio files of homicide interview with Krizel Santos (CSD000055, 72) | FRE 801, 802 |
| 128. | | | Transcripts of interviews with Krizel Santos | FRE 801, 802 |
| 129. | | | Audio file of homicide interview with C. Caranto (CSD000061) | FRE 801, 802 |
| 130. | | | Transcript of interview with C. Caranto | FRE 801, 802 |
| 131. | | | Audio file of homicide interview with Edward Wilt (CSD000062) | FRE 801, 802 |
| 132. | | | Transcript of interview with Edward Wilt | FRE 801, 802 |
| 133. | | | Audio file of homicide | FRE 801, 802 |

| Number | Date Marked | Date Admitted | Description | Objections |
|--------|-------------|---------------|-------------|------------|
|  |  |  | interview with M. Cassidy (CSD000064) |  |
| 134. |  |  | Transcript of interview with M. Cassidy | FRE 801, 802 |
| 135. |  |  | Audio file of homicide interview with T. Daley (CSD000066) | FRE 801, 802 |
| 136. |  |  | Transcript of interview with T. Daley | FRE 801, 802 |
| 137. |  |  | Audio files of homicide interview with Tammy Wilson (CSD000073-74) |  |
| 138. |  |  | AED Report (CSD000088-122) |  |
| 139. |  |  | Rule 26 Report and Supplemental Report of Plaintiff's Expert Shaun Carstairs, M.D. | FRE 702, 801, 802, see Daubert motion [ECF Doc. No. 146] |
| 140. |  |  | Rule 26 Report of Plaintiff's Expert Gary Raney | FRE 702, 801, 802, see Daubert motion [ECF Doc. No. 148] |
| 141. |  |  | Rule 26 Report of Plaintiff's Expert Roger Clark | FRE 702, 801, 802, see Daubert motion [ECF Doc. No. 147] |
| 142. |  |  | Rule 26 Report of Defendants' Expert Binh T. Ly, M.D. |  |
| 143. |  |  | Rule 26 Report of |  |

| Number | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| | | | Defendants' Expert Richard Friedman, M.D. | |
| 144. | | | Rule 26 Report of Defendants' Expert Dominick Addario, M.D. | |
| 145. | | | Rule 26 Report of Defendants' Expert Claire Teske, R.N. | |
| 146. | | | Rule 26 Report of Defendants' Expert Michael Vredenburgh, M.S. | |
| 147. | | | Rule 26 Report of Defendants' Expert Robert Fonzi | |

**B. Exhibits Plaintiffs Reserve the Right to Offer at Trial**

Plaintiff incorporates by reference, as if fully set forth herein, all exhibits, documents, and other evidence identified in County of San Diego Defendants' pretrial disclosures (ECF No. 163).

| Number | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| 148. | | | San Diego County Sheriff's Department Laboratory Service Reports (CSD000075-82) | |

| Number | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| 149. | | | San Diego County Sheriff's Department Evidence Reports (CSD000083-87) | |
| 150. | | | Deposition Exh. 1 (CSD002380-CSD002381) | FRE 402, 403, 502, 702, 801, 802. To the extent this exhibit is duplicative, Defendants assert the same objections. |
| 151. | | | Deposition Exh. 2 (CSD002382-2384) | FRE 402, 403, 502, 702, 801, 802. To the extent this exhibit is duplicative, Defendants assert the same objections. |
| 152. | | | Deposition Exh. 3 (CSD2374-2379) | FRE 402, 403, 502, 702, 801, 802. To the extent this exhibit is duplicative, Defendants assert the same objections. |
| 153. | | | Deposition Exh. 4 (CSD000347) | FRE 402, 403, 502, 702, |

| Number | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| | | | | 801, 802. To the extent this exhibit is duplicative, Defendants assert the same objections. |
| 154. | | | Deposition Exh. 5 (CSD000025) | FRE 402, 403, 502, 702, 801, 802. To the extent this exhibit is duplicative, Defendants assert the same objections. |
| 155. | | | Deposition Exh. 6 (CSD000810) | FRE 402, 403, 502, 702, 801, 802. To the extent this exhibit is duplicative, Defendants assert the same objections. |
| 156. | | | Deposition Exh. 7 (CSD002690-2703) | FRE 402, 403, 502, 702, 801, 802. To the extent this exhibit is duplicative, Defendants assert the same objections. |
| 157. | | | Deposition Exh. 8 (CSD000347) | FRE 402, 403, 502, 702, |

| Number | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| | | | | 801, 802. To the extent this exhibit is duplicative, Defendants assert the same objections. |
| 158. | | | Deposition Exh. 9 (CSD003246) | FRE 402, 403, 502, 702, 801, 802. To the extent this exhibit is duplicative, Defendants assert the same objections. |
| 159. | | | Deposition Exh. 10 (CSD002478-2480) | FRE 402, 403, 502, 702, 801, 802. To the extent this exhibit is duplicative, Defendants assert the same objections. |
| 160. | | | Deposition Exh. 11 (CSD002486-2509) | FRE 402, 403, 502, 702, 801, 802. To the extent this exhibit is duplicative, Defendants assert the same objections. |
| 161. | | | Deposition Exh. 12 (CSD002512-2551) | FRE 402, 403, 502, 702, |

| Number | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| | | | | 801, 802. To the extent this exhibit is duplicative, Defendants assert the same objections. |
| 162. | | | Deposition Exh. 13 (CSD000536-541) | FRE 402, 403, 502, 702, 801, 802. To the extent this exhibit is duplicative, Defendants assert the same objections. |
| 163. | | | Deposition Exh. 14 (CSD000534) | FRE 402, 403, 502, 702, 801, 802. To the extent this exhibit is duplicative, Defendants assert the same objections. |
| 164. | | | Deposition Exh. 15 (CSD000530) | FRE 402, 403, 502, 702, 801, 802. To the extent this exhibit is duplicative, Defendants assert the same objections. |
| 165. | | | Deposition Exh. 16 (CSD000531) | FRE 402, 403, 502, 702, |

| Number | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| | | | | 801, 802. To the extent this exhibit is duplicative, Defendants assert the same objections. |
| 166. | | | Deposition Exh. 17 (CSD000532) | FRE 402, 403, 502, 702, 801, 802. To the extent this exhibit is duplicative, Defendants assert the same objections. |
| 167. | | | Deposition Exh. 18 (CSD000012) | FRE 402, 403, 502, 702, 801, 802. To the extent this exhibit is duplicative, Defendants assert the same objections. |
| 168. | | | Deposition Exh. 19 (CSD003115-3130) | FRE 402, 403, 502, 702, 801, 802. To the extent this exhibit is duplicative, Defendants assert the same objections. |
| 169. | | | Deposition Exh. 20a (CSD000676) | FRE 402, 403, 502, 702, |

| Number | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| | | | | 801, 802. To the extent this exhibit is duplicative, Defendants assert the same objections. |
| 170. | | | Deposition Exh. 20b (CSD000675) | FRE 402, 403, 502, 702, 801, 802. To the extent this exhibit is duplicative, Defendants assert the same objections. |
| 171. | | | Deposition Exhibit 21 (CSD000468-470) | FRE 402, 403, 502, 702, 801, 802. To the extent this exhibit is duplicative, Defendants assert the same objections. |
| 172. | | | Deposition Exhibit 22 (CSD000124-152) | FRE 402, 403, 502, 702, 801, 802. To the extent this exhibit is duplicative, Defendants assert the same objections. |
| 173. | | | Deposition Exhibit 23 (CSD000411-419) | FRE 402, 403, 502, 702, |

| Number | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| | | | | 801, 802. To the extent this exhibit is duplicative, Defendants assert the same objections. |
| 174. | | | Deposition Exhibit 23A (CSD000743-747) | FRE 402, 403, 502, 702, 801, 802. To the extent this exhibit is duplicative, Defendants assert the same objections. |
| 175. | | | Deposition Exhibit 24 (CSD000673) | FRE 402, 403, 502, 702, 801, 802. To the extent this exhibit is duplicative, Defendants assert the same objections. |
| 176. | | | Deposition Exhibit 25 (CSD0000506-522) | FRE 402, 403, 502, 702, 801, 802. To the extent this exhibit is duplicative, Defendants assert the same objections. |
| 177. | | | Deposition Exhibit 26 (CSD002387-2396) | FRE 402, 403, 502, 702, |

| Number | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| | | | | 801, 802. To the extent this exhibit is duplicative, Defendants assert the same objections. |
| 178. | | | Deposition Exhibit 27 (Plaintiffs' Second Amended Notice of PMK) | |
| 179. | | | Deposition Exhibit 28 (Objections to Plaintiffs' amended notice of PMK and production of documents) | |
| 180. | | | Deposition Exhibit 29 (Title 15) | |
| 181. | | | Deposition Exhibit 30 (CSD002382-2384) | FRE 402, 403, 502, 702, 801, 802. To the extent this exhibit is duplicative, Defendants assert the same objections. |
| 182. | | | Deposition Exhibit 31 (CSD002688-2689) | FRE 402, 403, 502, 702, 801, 802. To the extent this exhibit is duplicative, |

| Number | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
|  |  |  |  | Defendants assert the same objections. |
| 183. |  |  | Deposition Exhibit 33 (CLERB Saxon Rodriguez) | FRE 402, 403, 502, 702, 801, 802. To the extent this exhibit is duplicative, Defendants assert the same objections. |
| 184. |  |  | Deposition Exhibit 34 (CLERB Omar Moreno) | FRE 402, 403, 502, 702, 801, 802. To the extent this exhibit is duplicative, Defendants assert the same objections. |
| 185. |  |  | Deposition Exhibit 35 (California State Auditor's Report) | FRE 401, 402, 403, 801, 802 |
| 186. |  |  | Deposition Exhibit 36 (Area Activity Logs) |  |
| 187. |  |  | All of County of San Diego's documents in response to Plaintiff's Request for Production (Set One) (including responsive documents) | FRE 402, 403, 502, 702, 801, 802 |

| Number | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| 188. | | | All of County of San Diego's documents in response to Plaintiff's Request for Production (Set Two) (including responsive documents) | FRE 402, 403, 502, 702, 801, 802 |
| 189. | | | All of County of San Diego's documents in response to Plaintiff's Request for Production (Set Three) (including amended, further and supplemental responses and responsive documents) | FRE 402, 403, 502, 702, 801, 802 |
| 190. | | | All of County of San Diego's documents in response to Plaintiff's Special Interrogatories (Set One) | FRE 402, 403, 502, 702, 801, 802 |
| 191. | | | All of County of San Diego's documents in response to Plaintiff's Special Interrogatories (Set Two) | FRE 402, 403, 502, 702, 801, 802 |

| Number | Date Marked | Date Admitted | Description | Objections |
|--------|-------------|---------------|-------------|------------|
| 228-240 | | | Reserved for Plaintiffs. | |

### C. Exhibits County Defendants Expect to be Offered at Trial

| Letter | Date Marked | Date Admitted | Description | Objections |
|--------|-------------|---------------|-------------|------------|
| A. | | | Video Surveillance – Dressout Holding #1 (CSD000001) | |
| B. | | | Video Surveillance – Dressout Holding #1 (CSD000002) | |
| C. | | | Video Surveillance – Dressout Holding #1 (CSD000003) | |
| D. | | | Video Surveillance – Dressout Holding #1 (CSD000005) | |
| E. | | | Video Surveillance – Dressout Holding #1 (CSD000006) | |
| F. | | | Video Surveillance – Dressout Holding #1 (CSD000007) | |
| G. | | | Video Surveillance – Dressout Holding #1 (CSD000008) | |
| H. | | | Video Surveillance - 013 1-Veh Sally 2 (CSD000009) | |

| Letter | Date Marked | Date Admitted | Description | Objections |
|--------|-------------|---------------|-------------|------------|
| I. | | | Video Surveillance - 21 1-Forensics 1 (CSD000010) | |
| J. | | | Video Surveillance - Breathalyzer Room (CSD000011) | |
| K. | | | Reserved | |
| L. | | | Video Surveillance - 17 1-Intake Sally Entry (CSD000013) | |
| M. | | | Video Surveillance - 016 1-Intake Sally (CSD000014) | |
| N. | | | Video Surveillance - 023 1-Uncuffing Area (CSD000015) | |
| O. | | | Video Surveillance - 025 1-Livescan Corr 1 (CSD000016) | |
| P. | | | Video Surveillance - 025 1-Livescan Corr 1 (CSD000017) | |
| Q. | | | Video Surveillance - Intake Holding #6 (CSD000018) | |
| R. | | | Video Surveillance - 33 1-Inmate Sally Elev (CSD000019) | |

| Letter | Date Marked | Date Admitted | Description | Objections |
|--------|-------------|---------------|-------------|------------|
| S. | | | Video Surveillance - 324 Elevator 4 (CSD000020) | |
| T. | | | Video Surveillance - 84 2-Inmate Elev Sally (CSD000021) | |
| U. | | | Video Surveillance - 081 2-Dextox Corr 2 (CSD000022) | |
| V. | | | Video Surveillance - 098 2-Release Corr (CSD000023) | |
| W. | | | Video Surveillance - Dressout Holding #1 (CSD000024) | |
| X. | | | Video Surveillance - Dressout Holding #1 (CSD000025) | |
| Y. | | | Video Surveillance - Dressout Holding #1 (CSD000026) | |
| Z. | | | Audio interview of Tammy Wilson (CSD000073-74) | 3 |
| AA. | | | SDSO Evidence Report of Michelle Hefty (CSD000085-87) | |

| Letter | Date Marked | Date Admitted | Description | Objections |
|--------|-------------|---------------|-------------|------------|
| AB. | | | AED Rescue Report (CSD000088-122) | |
| AC. | | | Medical Clearance (CSD000124-152) | |
| AD. | | | Notice of No Complaint, Add, Drop of Change Charge (CSD000153) | |
| AE. | | | Photo of Face Mask (CSD000332) | |
| AF. | | | SDSO Follow-up Investigative Report of Detective B. Noah (CSD000337-341) | |
| AG. | | | Brief and Scene Report by Detective Garcia (CSD000342-352) | |
| AH. | | | Follow-up Investigative Report (Garcia) (CSD000356-384) | |
| AI. | | | Statement Report of Jezly Stewart (CSD003134) | 3 |
| AJ. | | | Medical Examiner's Report/Autopsy (CSD000398-410) | |

| Letter | Date Marked | Date Admitted | Description | Objections |
|--------|-------------|---------------|-------------|------------|
| AK. | | | Deputy Anderson's Arrest Report (CSD000411-419) | |
| AL. | | | Deputy Rembold's Report (CSD000420-421) | |
| AM. | | | Deputy Brunk's Report (CSD000422-423) | |
| AN. | | | Statement of Deputy G. Kakkar (CSD000424-426) | 3 |
| AO. | | | Statement of Deputy C. Caranto (CSD000429-431) | 3 |
| AP. | | | Statement of Deputy E. Wilt (CSD000432-434) | 3 |
| AQ. | | | Statement of Deputy M. Cassidy (CSD000435-437) | 3 |
| AR. | | | Statement of Deputy T. Daley (CSD000438-440) | 3 |
| AS. | | | Statement of RN A. Okoh (CSD000443-444) | 3 |
| AT. | | | Statement of RN J. Barrera (CSD000445-447) | 3 |

| Letter | Date Marked | Date Admitted | Description | Objections |
|--------|-------------|---------------|-------------|------------|
| AU. | | | Statement of RN C. Echon (CSD000448-449) | 3 |
| AV. | | | Statement of J. Cagayao (CSD000454-455) | 3 |
| AW. | | | Statement of K. Santos (CSD000456-458) | 3 |
| AX. | | | Statement of Tammy Wilson (CSD000459-460) | 3 |
| AY. | | | SDSO Medical Intake Questions (CSD000613-648) | 2, 4, 7 |
| AZ. | | | SDSO Receiving Screening (CSD000649-672) | 2, 4, 7 |
| BA. | | | BWC of Jared Anderson (CSD000673) | |
| BB. | | | BWC of Ballard (CSD000674) | 2, 4, 7 |
| BC. | | | BWC of Robert Brunk (CSD000675) | |
| BD. | | | BWC of Craig Rembold (CSD000676) | |
| BE. | | | BWC of Weber (CSD000677) | 2, 4, 7 |
| BF. | | | Case Evidence Items List and Premortem | |

| Letter | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| | | | toxicology screen (CSD000678-681) | |
| BG. | | | Medical Examiner Casefile (CSD000682-735) | |
| BH. | | | Photos taken by Jared Anderson during arrest (CSD000736-742) | 4 |
| BI. | | | 911 Audio (CSD002685) | |
| BJ. | | | Dispatch Audio (CSD002686) | |
| BK. | | | Use of Force Video of Geo Kakkar | 4, 10 Evidence not disclosed during discovery |
| BL. | | | Defendants' MSJ Exhibits A-JJ | 2, 4 |
| BM. | | | Reserved | |
| BN. | | | San Diego Adult County Jails Inspection Report 18-20 TII | 2, 3, 10 – Evidence not disclosed during discovery |
| BO. | | | San Diego County Sheriff Adult Jails Inspection Report 20-22 TII | 2, 3, 10 – Evidence not disclosed during discovery |
| BP. | | | Demonstrative | 2, 4, 10 – Evidence not disclosed during discovery |

| Letter | Date Marked | Date Admitted | Description | Objections |
|--------|-------------|---------------|-------------|------------|
| BQ. | | | Demonstrative | 2, 4, 10 – Evidence not disclosed during discovery |
| BR. | | | Demonstrative | 2, 4, 10 – Evidence not disclosed during discovery |
| BS. | | | Demonstrative | 2, 4, 10 – Evidence not disclosed during discovery |
| BT. | | | Demonstrative | 2, 4, 10 – Evidence not disclosed during discovery |
| BU. | | | Demonstrative | 2, 4, 10 – Evidence not disclosed during discovery |
| BV. | | | Demonstrative | 2, 4, 10 – Evidence not disclosed during discovery |
| BW. | | | Demonstrative | 2, 4, 10 – Evidence not disclosed during discovery |
| BX. | | | Demonstrative | 2, 4, 10 – Evidence not disclosed during discovery |

| Letter | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| BY. | | | Demonstrative | 2, 4, 10 – Evidence not disclosed during discovery |
| BZ. | | | Demonstrative | 2, 4, 10 – Evidence not disclosed during discovery |

**D. Exhibits County Defendants Reserve the Right to Offer at Trial**

Defendants incorporate by reference, as if fully set forth herein, all exhibits, documents, and other evidence identified in Plaintiffs' pretrial disclosures (ECF No. 159).

| Letter | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| CA. | | | Background Event Chronology (CSD000056-60) | |
| CB. | | | Laboratory Service Report (CSD000075-76) | |
| CD. | | | Laboratory Service Report (CSD000077-78) | |
| CE. | | | Laboratory Service Report (CSD000081) | |
| CF. | | | Laboratory Service Report (CSD000082) | |

| Letter | Date Marked | Date Admitted | Description | Objections |
|--------|-------------|---------------|-------------|------------|
| CG. | | | SDSO Evidence Report of Keith Allen (CSD000083) | |
| CH. | | | SDSO Evidence Report of Michelle Hefty (CSD000084) | |
| CI. | | | Background Event Chronology (CSD000154) | |
| CJ. | | | Incident Detail Report (CSD000155-158) | |
| CK. | | | Inmate Death Notification Checklist (CSD000159) | |
| CL. | | | SDSO Officer Report of Detective Chase Meyer (CSD000333-334) | |
| CM. | | | SDSO Officer Report of Detective Scott Paris (CSD000335-336) | |
| CN. | | | Follow-up Investigative Report (Garcia) (CSD000353) | |
| CO. | | | Follow-up Investigative Report (Bailey) (CSD000354-355) | |
| CP. | | | Follow-up Investigative Report | |

| Letter | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| | | | (Noah) (CSD000385-387) | |
| CQ. | | | Follow-up Investigative Report (Ramirez) (CSD000389-391) | |
| CR. | | | Crime/Incident Report (Allen) (CSD000392-395) | |
| CS. | | | Deputy Cross' Report (CSD000396-397) | |
| CT. | | | Follow-up Investigative Report of Detective Noah (CSD000441-442) | |
| CU. | | | Statement of E. Durola (CSD000450-451) | 3 |
| CV. | | | Statement of D. Eusebio (CSD000452-453) | 3 |
| CW. | | | ME Autopsy Photos (CSD000770-772) | |
| CX. | | | SDCJ Deputy Staffing Schedule, Day Shift 1/6/2021 (CSD000809) | |
| CY. | | | SDCJ Deputy Staffing Schedule, | |

| Letter | Date Marked | Date Admitted | Description | Objections |
|--------|-------------|---------------|-------------|------------|
| | | | Night Shift 1/6/2021 (CSD000810) | |
| CZ. | | | SDCJ Medical Services Deployment (CSD000813-816) | |
| DA. | | | SDSO Detention Services Bureau – Policy J.2 Sobering Cells (CSD000823-825) | |
| DB. | | | SDSO Detention Services Bureau – Policy J.8 Contraband Watch | |
| DC. | | | SDSO Detention Services Bureau – Green Sheet Policy J.2.C.1 Sobering Cells (CSD000826) | |
| DD. | | | SDSO Medical Services Division, Operations Manual, MSD.S.5 Sobering Cells (CSD000833-834) | |
| DE. | | | Arroyo Inmate History Summary Report for Booking # 20926026 (CSD001262) | 2, 4, 5, 7 |
| DF. | | | Arroyo Booking Record for Booking | 2, 4, 5, 7 |

| Letter | Date Marked | Date Admitted | Description | Objections |
|--------|-------------|---------------|-------------|------------|
|        |             |               | # 20926026 (CSD001263-1280) | |
| DG.    |             |               | Booking Intake Form, J-15 from NetRMS Case #20127135, Arroyo, Omar (CSD001281) | 2, 4, 5, 7 |
| DH.    |             |               | Case #20127135 - Call For Service (CSD001282) | 2, 4, 5, 7 |
| DI.    |             |               | Case #20127135 – Complaint Request Evaluation (CSD0001283) | 2, 4, 5, 7 |
| DJ.    |             |               | Case #20127135 – DV Supplemental Form (CSD001284-1285) | 2, 4, 5, 7 |
| DK.    |             |               | Case #20127135 – Certificate of Release of Arroyo, Omar (CSD001286) | 2, 4, 5, 7 |
| DL.    |             |               | Case #20127135.1 – Arrest Contact Report (CSD001287-1291) | 2, 4, 5, 7 |
| DM.    |             |               | Case #20127135.2 – Arrest Contact Report (CSD001292-1293) | 2, 4, 5, 7 |
| DN.    |             |               | SDSO Incident Report for Booking | 2, 4, 5, 7 |

| **Letter** | **Date Marked** | **Date Admitted** | **Description** | **Objections** |
|---|---|---|---|---|
| | | | #20926026_Redacted (CSD001294) | |
| DO. | | | Photos from Arrest_6-28-2020 Booking (CSD001295-1300) | 2, 4, 5, 7 |
| DP. | | | Arroyo Inmate History Booking # 10789436 (CSD001301-1306) | 2, 4, 5, 7 |
| DQ. | | | Arroyo Booking Record for Booking # 10789436 (CSD001307-1327) | 2, 4, 5, 7 |
| DR. | | | Case #10069723 - Call for Service (CSD001328) | 2, 4, 5, 7 |
| DS. | | | Case #10069723 - Deputy Knight Narrative Report_Redacted (CSD001329-1336) | 2, 3, 4, 5, 7 |
| DT. | | | Case #10069723 - Sgt. Griggs Narrative Report_Redacted (CSD001337) | 2, 3, 4, 5, 7 |
| DU. | | | Case #10069723 - Deputy Logan Narrative Report_Redacted (CSD001338-1339) | 2, 3, 4, 5, 7 |

| Letter | Date Marked | Date Admitted | Description | Objections |
|--------|-------------|---------------|-------------|------------|
| DV. | | | Case #10069723 - Detective Wells Narrative Report_Redacted (CSD001340-1343) | 2, 3, 4, 5, 7 |
| DW. | | | Case #10069723 – Supplemental Narrative_Redacted (CSD001344-1345) | 2, 3, 4, 5, 7 |
| DX. | | | Case #10069723 – Supplemental Report, Suspect Statements_Redacted (CSD001346-1348) | 2, 3, 4, 5, 7 |
| DY. | | | Case #10069723.1 Arrest Contact Report_Redacted (CSD001349-1366) | 2, 3, 4, 5, 7 |
| DZ. | | | Incident Report, Booking # 10789436_Redacted (CSD001367-1368) | 2, 3, 4, 5, 7 |
| EA. | | | Temporary Restraining Order of Sabine Horner Against Arroyo, Omar, 11.12.2019 (CSD001369-1401) | 2, 3, 4, 5, 7 |
| EB. | | | SDSO Medical Services Division, | |

| Letter | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| | | | Operations Manual, MSD.M.1 Medical Emergencies (CSD001408-1410) | |
| EC. | | | SDSO Medical Services Division, Operations Manual MSD.C.2 Code Blue: Life Threatening Emergencies (CSD01411-1412) | |
| ED. | | | SDSO Detention Services Bureau, Policy M.6 Life Threatening Emergencies: Code Blue (CSD001413-1415) | |
| EE. | | | SDSO Detention Services Bureau, Green Sheet Policy, M.6.C.1 Life Threatening Emergencies Code Blue (CSD001420-1423) | |
| EF. | | | SDSO Medical Services Division, Operations Manual D.1.1 | |

| Letter | Date Marked | Date Admitted | Description | Objections |
|--------|-------------|---------------|-------------|------------|
|  |  |  | Pharmaceutical Operations (CSD001424-1431) |  |
| EG. |  |  | Booking Acceptance Criteria 12.04.20 through 1.8.21 (CSD002372-2373) |  |
| EH. |  |  | SDSO Area Activity Report, 1.6.21 (CSD002374-2379) |  |
| EI. |  |  | SDSO Detention Services Bureau, San Diego Central Jail Green Sheet re Policy I.64.C.1, Safety Checks of Inmates in Housing Units and Holding Cells (CSD002380-2384) |  |
| EJ. |  |  | Training Transcript Anderson (CSD002643-2681) |  |
| EK. |  |  | SDSO Detentions Services Bureau, Policy Q.7, Inmate Processing (CSD002682-2684) |  |
| EL. |  |  | 1173 Front Street - SDFD 911 Audio (CSD002687) |  |

| Letter | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| EM. | | | SDSO Line-Up Training, 11-53 Safety Checks (CSD002688-2689) | |
| EN. | | | 11-53 Safety Checks PowerPoint (CSD002690-2703) | |
| EO. | | | Security and Key Control Lesson Plan (CSD002704-2720) | |
| EP. | | | Counts Lesson Plan (CSD002721-2729) | |
| EQ. | | | Facility Searches Lesson Plan (CSD002730-2739) | |
| ER. | | | Department Specific Safety Checks Lesson Plan (CSD002740-2756) | |
| ES. | | | Booking and Intake Procedures Lesson Plan (CSD002757-2777) | |
| ET. | | | Booking Procedures Lesson Plan (CSD002778-2787) | |
| EU. | | | Releasing Offenders Lesson Plan (CSD002788-2799) | |
| EV. | | | Detentions Training Unit, Inmate | |

| Letter | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
|  |  |  | Processing Division Training Unit PowerPoint (CSD002800-2814) |  |
| EW. |  |  | SDSO Line-Up Training, Wrong Person On Warrant (CSD002815-2817) |  |
| EX. |  |  | SDSO Detention Services Bureau, Policy I.64, Safety Checks: Inmates, Housing and Holding Areas (CSD002818-280) |  |
| EY. |  |  | SDSO Training Bulletin, 5150.05(b)(a) Welfare and Institutions (CSD2821-2822) |  |
| EZ. |  |  | SDSO Policy 6.32, Mentally Ill Persons (CSD002823-2824) |  |
| FA. |  |  | SDSO Training Bulletin, 5150 Updated Welfare and Institutions Form (CSD002825) |  |

| Letter | Date Marked | Date Admitted | Description | Objections |
|--------|-------------|---------------|-------------|------------|
| FB. | | | SDSO PERT Responses and Tips (CSD002826-2827) | |
| FC. | | | SDSO Training Bulletin, Introduction and History of PERT (CSD002828-2831) | |
| FD. | | | SDSO Training Bulletin, Considerations When Dealing with Suicidal People (CSD002832-2833) | 2, 4 |
| FE. | | | Arroyo, Omar Autopsy Photo (CSD003135) | |
| FF. | | | SDSO Detention Services Bureau, Policy I.43 Inmate Count (CSD003193-3194) | |
| FG. | | | SDSO Detention Services Bureau, Policy I.64 Safety Checks: Inmates, Housing and Holding Areas (CSD003195-3197) | |
| FH. | | | 11-53 Safety Checks Training Video (CSD003215) | |

| Letter | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| FI. | | | SDSO Detention Services Bureau Quarterly Training Plan FY 2020-2021 (CSD003216-3241) | |
| FJ. | | | Supervisor Log Review (Screenshot), San Diego Central Jail (CSD003246) | |
| FK. | | | Training Transcript of Edward Wilt (CSD003370-3421) | |
| FL. | | | Training Transcript of Craig Rembold (CSD003644-3680) | |
| FM. | | | Training Transcript of Robert Brunk (CSD004406-4441) | |
| FN. | | | SDSO Policy 6.113 Psychiatric Emergency Response Team (CSD008854) | |
| FO. | | | Policy 23: Psychiatric Emergency Response Team (PERT) (CSD008855-8858) | |
| FP. | | | UCSD Medical Records of Geo | |

| Letter | Date Marked | Date Admitted | Description | Objections |
|--------|-------------|---------------|-------------|------------|
| | | | Kakkar re Use of Force Incident (CSD008859-8871) | |
| FQ. | | | Transcript with exhibits and video of the deposition of Tammy Wilson | |
| FR. | | | Transcript with exhibits and video of the deposition of Cesar Cardoza | |
| FS. | | | Transcript with exhibits and video of the deposition of Craig Rembold | |
| FT. | | | Transcript with exhibits and video of the deposition of Edward Wilt | |
| FU. | | | Transcript with exhibits and video of the deposition of Emily Lymburn | |
| FV. | | | Transcript with exhibits and video of the deposition of Geo Kakkar | |
| FW. | | | Transcript with exhibits and video of the deposition of Jared Anderson | |

| Letter | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| FX. | | | Transcript with exhibits and video of the deposition of Brenden Bourgeois | |
| FY. | | | Transcript with exhibits and video of the deposition of James Parent | |
| FZ. | | | Transcript with exhibits and video of the deposition of Tanner Sherman | |
| GA. | | | Transcript with exhibits and video of the deposition of Gary Raney | |
| GB. | | | Transcript with exhibits of the deposition of Roger Clark | |
| GC. | | | Transcript with exhibits and video of the deposition of Shaun Carstairs | |
| GD. | | | Expert Report of Claire Teske | |
| GE. | | | Expert Report of Dominick Addario | |
| GF. | | | Expert Report of Binh Ly | |
| GG. | | | Expert Report of Richard Friedman | |

| Letter | Date Marked | Date Admitted | Description | Objections |
|--------|-------------|---------------|-------------|------------|
| GH. | | | Expert Report of Michael Vredenburgh | |
| GI. | | | Subpoenaed Records pertaining to Arroyo, Omar from Palomar Health Medical Group | 2, 4 |
| GJ. | | | Subpoenaed Records pertaining to Tammy Wilson from TrueCare Oceanside | 2, 4 |
| GK. | | | Subpoenaed Records pertaining to Arroyo's Employment at 7-11 | 2, 4 |
| GL. | | | Plaintiff's Responses to Requests for Production of Documents, Set One | |
| GM. | | | Plaintiff's Responses to Special Interrogatories, Set One | |
| GN. | | | Defendants' Expert Designations | |
| GO. | | | Plaintiffs' Complaint | |
| GP. | | | Plaintiffs' First Amended Complaint | |
| GQ. | | | Plaintiffs' Second Amended | |

| Letter | Date Marked | Date Admitted | Description | Objections |
|--------|-------------|---------------|-------------|------------|
| | | | Complaint | |
| GR. | | | Plaintiffs' Third Amended Complaint | |

## VIII. STIPULATED FACTS

The Parties incorporate by reference Exhibit 1, attached hereto.

## IX. DEPOSITIONS IN LIEU OF LIVE TESTIMONY

The parties do not intend to offer deposition testimony in lieu of live testimony.

## X.  PROPOSED JURY INSTRUCTIONS

The parties will submit jury instructions in accordance with this Court's Chamber Rules.

## XI.  JURY TRIAL

This case will be tried by jury.

## XII.  TIME ESTIMATE

The parties estimate that this trial will take eight to ten court days.

DATED:

Honorable Ruth Bermudez Montenegro
United States District Court Judge
Southern District of California

**Approved as to form and content:**

Dated December 30, 2024

**IREDALE AND YOO, APC**
s/ Julia Yoo
EUGENE IREDALE
JULIA YOO

CHELSEA REHERMAN
Attorneys for Plaintiffs Estate of Omar
Moreno Arroyo, *et al*

Dated: December 30, 2024    **OFFICE OF COUNTY COUNSEL**

s/ Sarah H. Lanham
Attorneys for Defendants County of San
Diego, *et al*

### **CERTIFICATION**

I, JULIA YOO, hereby certify that the content of this proposed final pretrial conference order is acceptable to all parties required to sign this motion. All parties authorized me to affix their electronic signatures to this pleading.

s/ Julia Yoo
JULIA YOO
Attorney for Plaintiffs Estate of Omar
Moreno Arroyo, *et al*